## GARGAN v. GRIMES.

1. **Mortgage**: FORECLOSURE: PRIORITY OF LIENS.   P. executed a mortgage in 1859; he afterwards executed a second and a third mortgage upon the same property; the holder of the second mortgage commenced an action, setting out the above facts, and asking that the property be sold and the proceeds applied in payment of the several mortgages in the order of their priority; in this action the mortagee under the third mortgage made default; a decree was rendered granting the relief prayed and ordering the lands sold without redemption: *Held*, that under the law existing at the time the first mortgage was executed no redemption could be made, and that the subsequent lien holders were required by the petition of foreclosure to take notice of this, and could not complain of the decree because rendered in an action for the foreclosure of the second mortgage.

*Appeal from Des Moines District Court.*

SATURDAY, OCTOBER 20.

THE averments of the petition are, in substance, as follows: In February, 1859, W. H. Postlewait and wife made to Moir & Bro. a mortgage upon certain real estate to secure a note of $10,000.   This mortgage, being unpaid, was a first lien on said real estate.   In April, 1870, Postlewait made a second mortgage to plaintiff upon the same land to secure a note of over $2,000.   In May, 1870, Postlewait made a third mortgage upon said land to David W. Grimes to secure the payment of a note of over $4,000.   In May, 1875, Postlewait made an assignment for the benefit of his creditors to William Garrett, which conveyed the title of the said real estate to Garrett subject to said several liens, and subject also to other liens junior to those above mentioned.   Moir & Bro., William Garrett, David W. Grimes, and other junior lien holders were made parties defendant.   Upon these facts the plaintiff prayed the court to take an account of the several amounts due, and to ascertain and adjust the priorities, etc., and to order and decree the sale of the land on special execution, and apply the proceeds according to the order of priority, and for the foreclosure of the rights of all the parties, and for general relief.   Notice

was served upon the parties defendant, returnable at the September term, 1876. William Garrett answered, stating that he was assignee of Postlewait as charged in the bill, and as such held the legal title to the land in question; and that he had in his individual capacity become the owner of the note to Moir & Bro. and was entitled to the security. Grimes and the other defendants, although properly served with notice, made default. The court, upon the petition, exhibits, answer of Garrett, and the defaults of Grimes and others, entered a decree finding Garrett to be the owner of the Moir note and mortgage, and that the said real estate was incumbered by mortgages and judgments, as stated in the petition; that there was due to Garrett, assignee of Moir & Bro., on the mortgage to them of the date of February 23, 1859, $8,813, and that the same was a first lien and should first be paid; that there was due to Henry Gargan, plaintiff, on the mortgage to him, the sum of $3,342, which was a second lien on the property; that there was due to David W. Grimes, on the mortgage to him, $3,158, which was the third lien on said land; that Postlewait conveyed the land to Garrett, who was the holder of the title. Each of said mortgages were decreed to be foreclosed and the real estate ordered to be sold on special execution *without redemption* or appraisement, and out of the proceeds of the sale it was ordered that the costs and fees of attorney be first paid, and next the liens in the order established by the court. The defendant Grimes appeals from that part of the decree ordering the land to be sold without redemption.

*P. Henry Smyth*, for appellant.

*J. & S. K. Tracy*, for appellee.

ROTHROCK, J.—I. Postlewait, the mortgagor, was not made a party defendant. The decree finds that he died shortly after he conveyed the real estate by assignment to Garrett. No personal judgment was sought against any one. The petition prayed that an account be taken of the amounts due on the several mortages, and their priorities ascertained, and that special execution issue for the

1. MORTGAGE: foreclosure: priority of liens.

sale of the real estate to pay the several incumbrances in the order of their priority. The date of the incumbrance created by the mortgage to Moir & Bro. was stated in the petition to be February 23, 1859. Upon a foreclosure of this mortgage and a sale of the real estate no redemption could be made. *Maloney v. Fortune*, 14 Iowa, 417. Counsel for appellant urges that, being in default, he is not concluded by the decree directing the sale without redemption, because the petition was not for the foreclosure of the mortgage given to Moir & Bro. In other words, it is claimed Gargan was the plaintiff and Grimes was notified of his petition to foreclose his mortgage, and any decree not following such petition or granting relief to any other party was of no force to bind him.

Grimes was notified of just what the petition contained, and is bound by any decree based upon the facts averred in the petition. He was also notified of the relief sought. It was that an account be taken of all these liens, and the whole title of the property be sold to pay them in the order of their priority. It was not the ordinary petition praying a foreclosure of plaintiff's mortgage and a sale in satisfaction thereof and making other incumbrancers parties by a mere general averment. It was more than this. He had notice of the claim made that the first mortgage was executed in 1859, and was required to take notice of the legal right of the holder thereof to have the property sold without redemption. The decree follows the petition and we think concludes the appellant.

II. No motion was made to correct the decree in the court below. It is urged that no appeal will lie without such motion having been first made. As we hold that there must be an affirmance upon the merits, we need not pass upon that question.

AFFIRMED.