## LINDSEY V. DELANO.

1. **Judgment:** IRREGULARITIES : COLLATERAL ATTACK. A judgment against a defendant of whom the court has jurisdiction is not made void by irregularities or defects in the proceedings leading up to it, but is valid until corrected on appeal, or in some other direct proceeding for that purpose.

2. **Mortgage:** FORECLOSURE : ORIGINAL NOTICE : DESCRIPTION OF LAND. In an original notice for the foreclosure of a mortgage, it is immaterial that the land is improperly described by reference to the government subdivisions, when it is otherwise described so as to make certain to the defendant what land is meant. (Compare *Van Sickles v. Town*, 53 Iowa, 259.)

3. ———: ———: MISNOMER : DECREE NOT VOID. In a petition to foreclose a mortgage, a defendant was named "Edward L." but his true name was "Edmund." The original notice was addressed to him as "Edmund," and in that name he accepted service of it. He did not appear, and his default was entered, and thereupon a decree of foreclosure was rendered against him. The decree recited that "Edmund L." accepted personal service, and, immediately thereafter, that said "Edward L." was defaulted. Afterwards he was twice designated as "defendant L." *Held* that the decree was, when taken together, against Edmund L., and that he was bound thereby notwithstanding the misnomer. (See opinion for authorities.)

4. ———: ———: DECREE AGAINST JUNIOR MORTGAGEE AFTER SALE : REDEMPTION. Where a junior mortgagee was made a party to a foreclosure suit, but as to him the cause was continued for service from term to term until after the land had been sold and sheriff's deed made therefor, the court still had jurisdiction to render a decree foreclosing his lien, and thereafter his right to redeem ended after nine months from the date of the decree. (Code, sec. 3103.)

*Appeal from Plymouth District Court.*—HON. SCOTT M. LADD, Judge.

FILED, OCTOBER 8, 1889.

ACTION in equity to redeem from a mortgage foreclosure sale of certain real estate.    There was a decree for plaintiff.    Defendant appeals.

*Struble, Rishel & Hart* and *Argo & McDuffie,* for appellant.

*Frank Amos,* for appellee.

ROTHROCK, J.—It appears from the record that one George J. Gray was the owner of eighty acres of land in Plymouth county, and that, on the fifteenth day of May, 1875, he mortgaged the same to C. D. Rogers to secure the payment of two hundred dollars, with interest.  On the twenty-eighth day of June, 1876, said Gray made a certain other mortgage upon said land to the plaintiff, to secure the payment of one hundred and sixty dollars and interest.   Rogers, being an owner of the senior mortgage, commenced an action to foreclose the same, and a decree of foreclosure was entered at the July term, 1878, of the Plymouth district court, as against the mortgagor.    It was recited in the petition for foreclosure that Edward Lindsey claimed to have a lien on said real estate, but that the same was junior and inferior to the mortgage held by Rogers, and Lindsey was made a party by the name of "Edward" Lindsey, and a foreclosure was demanded as against him.   No service of an original notice was had upon Lindsey, and no action was taken as against him at the time at which the decree was entered against Gray, the mortgagor, but the cause was continued from term to term for service.    On the first day of July, 1880, service was had upon Lindsey, and, as a question is made as to the sufficiency of the original notice and service, we will here set out the same in full.    It was as follows ·

"State of Iowa,        }
"Plymouth County.   }  ss.

"In the district court for Plymouth county, Iowa, at October term, A. D. 1880.  C. D. Rogers, plaintiff,

*vs.* George Gray, Edmund Lindsey. To Edmund Lindsey, defendant : You are hereby notified that there is now on file a petition by said plaintiff, C. D. Rogers, in the office of the clerk of the district court of said Plymouth county, Iowa, claiming the right to have your lien on the land known as the 'George Gray land,' in Stanton township, Plymouth county, Iowa, foreclosed, and the title quieted in the plaintiff to the south half of southeast quarter of section 30–92–44. No personal judgment is claimed against defendant. All that plaintiff claims is to have your lien, claim and interest to and in said premises foreclosed and declared junior and inferior to plaintiff's judgment and title to said premises, and that unless you appear thereto and defend before noon of the first day of the next term of said court, commencing at Lemars, Iowa, the eighteenth day of October, 1880, a default will be entered against you, and judgment rendered thereon. Dated at Lemars, Iowa, the first day of July, 1880.

"Argo & Kelley, Attorneys for Plaintiff."

The acceptance of service endorsed upon said notice read as follows :

"I hereby accept due service of the within notice on me in Plymouth county, Iowa, this first day of July, 1880, and waive the delivery of a copy thereof to me.

"Edmund Lindsey."

Lindsey made no appearance to the action, and at the October term, 1880, a default and decree of foreclosure was entered against him. Before the decree was rendered the land had been sold at foreclosure sale, and a sheriff's deed had been made, and the land had been conveyed, through some two or three successive grantors, to the defendant in this action.

The plaintiff brought this suit in September, 1886, and claims that he is not estopped by the decree of foreclosure against him from his right to redeem the land from the original foreclosure. His claim is based upon the ground that the attempt to foreclose his right of redemption was void. This must be the claim, because

1. Judgment: irregularities: collateral attack.

it is a well-settled fundamental principle that, if the proceedings leading up to a judgment or decree are merely irregular or defective, the parties are bound thereby, if the court has jurisdiction of the subject-matter and the parties. If there be jurisdiction to render a judgment, the judgment cannot be ignored, but is valid until corrected upon appeal, or in some other direct proceeding for that purpose.

It is claimed that this decree is void because the original petition described the plaintiff herein as "Edward" Lindsey, instead of "Edmund" Lindsey, and because the original notice of which he accepted service described the land in controversy as in township 92, instead of township 91, and as being in Stanton township, when it was in fact situated in another civil township. This last objection is without merit. The land is otherwise sufficiently identified. It is described as the land "known as the 'George Gray land,'" and upon which Lindsey had a lien. It was not required that the land should be described in the original notice. *Van Sickles v. Town*, 53 Iowa, 259. There is no pretense that Lindsey was misled by this notice. He had but one mortgage made by George Gray, and he knew the location of the land. He was advised by the notice that Rogers claimed the superior lien.

*2. MORTGAGE: foreclosure: original notice: description of land.*

But it is claimed that the court acquired no jurisdiction because "Edward" Lindsey was named as a defendant in the petition, and because, though "Edmund" Lindsey was named as accepting service, and as the defendant, yet the decree was entered against "Edward" Lindsey. This last-claimed defect cannot be said to be supported by the record. The decree recites that "Edmund" Lindsey accepted personal service, and immediately after it is stated that said "Edward" Lindsey was defaulted. Afterwards he is twice designated as "defendant" Lindsey. Taking the decree together, it is plainly a decree against the defendant Edmund Lindsey.

*3. ——: ——: misnomer: decree not void.*

These are the grounds upon which it is claimed the decree is void.   We do not think the position of plaintiff can be sustained, as we have seen there was no real defect in the original notice.   The appellant was not correctly named in the original petition.   There was a mere mistake in his name.   It was his duty to respond to the notice and plead.   In Freeman, Judgment, section 154, it is said :  "The weight of authority is that, if the writ is served on the party by a wrong name, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all further litigation may be connected with the suit or judgment by proper averments ; and, when such averments are made and proved, the party intended to be named in the judgment is affected as though he were properly named therein;" citing *First Nat. Bank v. Jaggers*, 31 Md. 38 ; *Insurance Co. v. French*, 18 How. 404 ; *Smith v. Bowker*, 1 Mass. 76 ; *Oakley v. Giles*, 3 East, 168 ; *Smith v. Patten*, 6 Taunt. 115 ; *Guinard v. Heysinger*, 15 Ill. 288 ; *Barry v. Carothers*, 6 Rich. Law, 331.   It is to be remembered that the original notice was personally served on Lindsey, and, as supporting the conclusion we reach as to the validity of the decree, see *Journey v. Dickerson*, 21 Iowa, 308, and *Fanning v. Krapfl*, 68 Iowa, 244.

It is further urged that no decree could have been lawfully entered against Lindsey, because the land had long before that been sold on a foreclosure and a sheriff's deed executed.   It is a sufficient answer to this claim to state that there was no dismissal of the original action.   It was continued from term to term for service upon Lindsey and others, and when served the court had jurisdiction to foreclose his lien.

4. ——: ——: decree against junior mortgagee after sale: redemption.

Next, and lastly, plaintiff claims that, as the fore- · closure sale was had years before the decree foreclosing Lindsey's right to redeem, the decree had no other force than to compel Lindsey to redeem within the ten years provided by the statute of limitations.   We do not think that the decree was a nullity, and it surely

would be if plaintiff's position should be sustained. The decree foreclosed and barred the plaintiff's mortgage, excepting the right of redemption as provided by law. If he had been made a party before the sale of the land, and a decree had been entered against him, he would have been required to redeem in nine months from the day of sale. Code, sec. 3103. By analogy to the statute, he ought not to be allowed to redeem after nine months from the time the decree was entered against him. This was in October, 1880.

Finally we have to say that there is no equity in the claims of the plaintiff. The undisputed evidence is that he knew all the facts in connection with the foreclosure, and was urged to redeem, and declined to do so, as we presume, on the ground that the land was not of sufficient value. He chose rather to allow the land to pass into the hands of innocent purchasers, who have fenced and otherwise improved it, and, after the lapse of about six years from the foreclosure of his lien, he commenced this suit, and is attempting to extinguish the first mortgage, so far as he may be allowed to do so, by setting off the rents and profits of the land.

In our opinion the decree of the district court should be reversed, and the plaintiff's petition should be

DISMISSED.