STEVENS ET AL., RESPONDENTS, v. CURRAN ET AL., APPELLANTS.

(No. 1,591.)

(Submitted May 29, 1903. Decided June 8, 1903.)

*Chattel Mortgages—Possession by Mortgagor—Effect—Fraudulent Mortgage — Rights of Purchasers—Lien—Conversion —Demand—Complaint.*

1  Findings of fact by a trial court, based on conflicting evidence, will not be disturbed on appeal.

2. Where a chattel mortgagee permitted the mortgagor to retain possession of the goods, and to sell and dispose of them without accounting for the proceeds to the mortgagee, the mortgage was fraudulent as to creditors and subsequent purchasers from the mortgagor in good faith.

3. Where it was claimed that a chattel mortgage was void as to subsequent purchasers of the goods mortgaged, by reason of the fact that the mortgagor was permitted to remain in possession and sell the goods without accounting to the mortgagee, extrinsic evidence was admissible to show the conditions actually existing and the conduct of the parties with reference to the mortgaged property.

4   Where plaintiffs purchased certain goods covered by a chattel mortgage
    from the mortgagor, and retained actual possession of them, and the court
    found that the sale to plaintiffs was valid, it was not necessary for plain-
    tiffs to obtain a judgment or levy an attachment on the goods as a condi-
    tion precedent to their right to assail the mortgage in an action against
    the sheriff for seizing the goods thereunder.
5   Where the act of a sheriff in seizing goods under a mortgage from plain-
    tiffs, who were purchesers thereof from the chattel mortgagor, was wrong-
    ful in the beginning, no demand was necessary to entitle plaintiffs to sue
    the sheriff for conversion of the goods.
6   In an action for conversion, an allegation that defendants converted and
    disposed of the property to their own use is an allegation of fact sufficient,
    in the absence of a special demurrer, to sustain a judgment for plaintiff.
7.  In determining . .e rignts of third persons, the instrument and the conduct
    of the parties thereto must be looked to, irrespective of the intention of
    the mortgagor or mortgagee.

*Appeal from District Court, Missoula County; F. K. Woody, Judge.*

ACTION by A. M. Stevens and others against D. T. Curran, sheriff, and others. From a judgment in favor of plaintiffs, and from an order overruling a motion for a new trial, defendants appeal. Affirmed.

*Mr. W. J. Stephens,* for Appellants.

The sheriff can justify the taking of this property under process and is not liable without a demand for the return of the property before suit. Process regular is always justification without demand. Where the taking is tortious no demand is necessary. But the taking of property under Section 3872 of the Civil Code is not tortious. By that section the officer is commanded and it is made his duty to take the property described in the mortgage wherever found, not confined even from the defendant, but wherever found. He acts under the mortgage just as he would under a writ of replevin. In both instances there is a taking of specific chattels by authority of law, and in discharge of his duty. If the officer takes property in replevin, he is under the statute, Civil Procedure, Sec. 854, entitled to a demand by the claimant.

Because the plaintiff brings an action of trover instead of replevin, it does not change the nature of things. One action

for the wrongful taking of specific articles and the other damages for the wrongful taking of the same chattels. In both instances the unlawful or wrongful taking is the gist of the action. It is laid down as a rule by some courts that in an action for the recovery of personal property, the plaintiff makes his case when he shows title or right of possession in himself, and an unlawful detention by the defendant, but in all these cases the rule is only applied when a third party, not an officer acting under special process against the thing, takes and detains the property. *Voss* v. *Whitney,* 7 Mont. 385, holds that taking possession of mortgage chattels is an official taking. On demand general, see *Daniel* v. *Gorham,* 6 Cal. 44; *Taylor* v. *Seymour,* 6 *Id.* 512; *Rilley* v. *Scannell,* 12 *Id.* 73; *Bacon* v. *Robson,* 53 *Id.* 399; *Laurence* v. *Coyne,* 62 *Id.* 124. And on justification by an officer, see *Ballis et al.* v. *Montgomery et al.,* 50 N. Y. Rep. 353. Also, *Manning, Bowman & Co.* v. *Kennanet et al.,* 73 N. Y. Rep. 46; *Fleming* v. *Wells,* 65 Cal. 366; *Laurence* v. *Coyne,* 62 *Id.* 124.

Again, the plaintiffs are not in a position to attack the mortgage for fraud as creditors or subsequent purchasers for value. A general creditor whose claim is not merged in a judgment cannot attack the mortgage for fraud. (*People's Savings Bank* v. *Bates,* 120 U. S. Sup. Ct. Rep. 556; *Geery et al.* v. *Geery et al.,* 63 N. Y. 253; *Southard* v. *Benner,* 72 *Id.* 424; *Jones et al.* v. *Graham,* 77 *Id.* 628; *Clute* v. *Steele,* 6 Nev. 335.)

Nor can they do so as subsequent purchasers. The statutory use of the words subsequent purchaser means a subsequent purchaser in good faith, that is for a valuable consideration without notice. There must be a new consideration at the time of the transfer and not merely a settlement of a pre-existing indebtedness. (*Kohl* v. *Lynn,* 34 Mich. 360; *Jones et al.* v. *Graham,* 77 N. Y. 628; *People's Savings Bank* v. *Bates,* 120 U. S. 556, and cases cited; *Clute* v. *Steele,* 6 Nev. 335.)

Under out statute fraudulent intent is a question of fact and not one of law. Being a question of fact, that issue should have been raised by the pleadings. The pleadings raise no such issue;

hence no extrinsic evidence should have been admitted on the question.   (*Territory* v. *Virginia Road Co.,* 2 Mont. 100, 101, 109, and cases cited therein; also, *Purcy* v. *Sabin,* 10 Cal. 28; *Jerome* v. *Stebbins,* 14 *Id.* 457; *Green* v. *Palmer,* 15 *Id.* 415; *Tessot* v. *Darling,* 9 *Id.* 285; *Levinson,* v. *Schwartz,* 22 *Id.* 229.)

*Mr. J. M. Dixon,* for Respondents.

MR. COMMISSIONER POORMAN prepared the opinion for the court.

This is an action in conversion, originally commenced in a justice court of Missoula county, and taken by appeal to the district court of said county, where a trial was had by the court sitting without a jury, and judgment was rendered for plaintiffs.   From this judgment, and the order of the court overruling a motion for a new trial, the defendants appeal.

The findings of fact made by the trial court are to the effect that one Mae Carrier, who was at that time engaged in the mercantile business at the city of Missoula, borrowed $500 from defendant W. J. Stephens, for which she gave her promissory note, and at the same time executed as security for payment of said note a chattel mortgage on her stock of merchandise, with a provision that the mortgage should extend to certain other articles of merchandise and store fixtures to be thereafter purchased by the mortgagor; that the mortgage further provided that the mortgagor might remain in possession of the mortgaged property and carefully use the same, but that she should not sell or dispose of said property, or any part thereof, or allow it to be taken from her possession by legal process or otherwise; that the mortgagor, after the execution of the mortgage, remained in the possession of the stock of merchandise, and sold and disposed of the same in the usual course of trade, and purchased other goods, and added to the stock in her store; that the defendant Stephens had full knowledge of the sale of the merchandise, and knew of the manner in which the mortgagor was

conducting the business and disposing of the merchandise, and that he made no objection to the same, but acquiesced therein; that no provision was made in the mortgage for an accounting by the mortgagor for any of the proceeds of the property sold, and that no part of the proceeds was applied to the payment of the debt secured by the mortgage, except the payment of the interest on the note; that the mortgagor, after the execution of the mortgage, continued, with the knowledge of defendant Stephens, to conduct the business and to sell the goods in the same manner as though the mortgage had not been executed; that the plaintiffs purchased from the said mortgagor, while she was so conducting the business, certain goods, wares and merchandise, and by their agent took actual possession of the goods so purchased; that while they were in such possession, and after such purchase had been completed, the defendants Curran and Violette, acting as the sheriff and undersheriff of the county, and over the protest of the plaintiffs, took the goods from the plaintiffs under said chattel mortgage, at the request of the defendant Stephens, the mortgagee. At the time of the seizure the plaintiffs notified the sheriff that the mortgage was void as to the goods so purchased by them, but were informed by the sheriff that his duty required him to take possession of the goods, and that they could bring suit against him or defendant Stephens to recover the same. It further appears from the record that the sheriff is still holding these goods.

The findings of the court are based either upon admissions by the parties, or upon evidence with respect to which there is substantial conflict; and, as has been repeatedly held by the supreme court of this state, cannot be disturbed under such circumstances. (*Merchants' Nat'l Bank* v. *Greenhood,* 16 Mont. 430, 41 Pac. 250, 851; *Sanford* v. *Gates, Townsend & Co.,* 21 Mont. 288, 53 Pac. 749.)

It is claimed by the respondents that the mortgage is fraudulent, as to creditors and subsequent purchasers in good faith, by reason of the mortgagor being permitted to remain in possession of the goods, and to sell and dispose of them without

making an accounting to the mortgagee. The appellants contend that the mortgage is valid on its face, and that by its terms the sheriff had the right to seize the goods, and that respondents could not attack the mortgage until they had first obtained a judgment, and that a demand on the sheriff was necessary before an action could be maintained.

In *Rocheleau* v. *Boyle,* 11 Mont., on page 469, and 28 Pac., on page 878, the court, in passing on the question as to the validity of a mortgage, where the mortgagor remained in possession and disposed of the goods, says: "If a mortgage of goods be made, as provided by statute, leaving possession with the mortgagor, and it be understood, agreed, or knowingly permitted (for, if it is knowingly permitted, it is understood and agreed) to the mortgagor to place the mortgaged goods on sale, not subject to the mortgage, to be sold, carried away, or consumed, and to use the proceeds without reference to the mortgage, this arrangement annuls every vital element of the mortgage, so far as concerns the goods to which such arrangement or permission extends. The mortgage, under such circumstances, becomes a mere sham, a mere appearance, a delusion, asserting in form what is not in fact, as admitted by the conduct of the parties. The possession does not remain. Nor does the property remain. It is shifted over to those who will come and buy, and is carried away without respect to the mortgage;    *    *    * and we think there ought to be no hesitation in holding the mortgage void as to property so dealt with, or, in other words, that such property is put out from under such mortgage by the conduct of the parties in relation to it." This is in effect a holding that the mortgage, while valid as between the parties, has by the conduct of the parties been released as to the property sold by the mortgagor.

Extrinsic evidence is admissible to show conditions actually existing, and the conduct of the parties with reference to the mortgaged property. It is true, the statute has been slightly changed since the decision in *Rocheleau* v. *Boyle,* but no change has been made conflicting with the doctrine announced in that

case, as above quoted. It is likewise true that a prowling cred-
itor cannot attack a conveyance or sale on the ground of fraud;
but, whenever the creditor acquires a lien on the goods, he may
then attack the conveyance or the sale, in the protection of his
lien and his rights.

The plaintiffs claim these goods as purchasers. They ob-
tained actual possession of them. The sale to them was de-
clared by the court to be valid, and under such circumstances
it was not necessary for them to obtain judgment or levy an at-
tachment as a condition precedent to assailing the mortgage.
(*Westheimer* v. *Goodkind,* 24 Mont. 90, 60 Pac. 813.)

Had this mortgage contained a provision that the mortgagor
was to account to the mortgagee for the proceeds of sales made,
the doctrine as announced in *Noyes* v. *Ross,* 23 Mont. 425, 59
Pac. 367, 47 I. R. A. 400, 75 Am. St. Rep. 543, might apply;
but the mortgage contains no such provision, nor does the evi-
dence establish that there was any agreement or understanding
that there should be any such accounting, or that any account-
ing ever was made.

The taking by the sheriff of these goods from the purchasers,
the plaintiffs, was wrongful in the beginning, and in an action
of this kind, and under such circumstances, a demand is not
necessary prior to the bringing of suit.

In *Daggett* v. *Gray,* 110 Cal. on page 171, 42 Pac. on page
568, which was an action in conversion, the court says: "If
the relation of the defendant to the property is such that a pre-
vious demand is essential in order to establish conversion on
his part, proof of such demand must be made at the trial; but
the demand need not be alleged. The allegation that the de-
fendants 'converted and disposed of the property to their own
use' is the allegation of a fact sufficient, in the absence of a
special demurrer, to sustain a judgment. Upon the trial of an
issue, on this averment, the plaintiff would be at liberty to in-
troduce evidence of a demand and refusal, if such evidence
were sufficient or necessary to establish the conversion; and he
would also, under this averment, be authorized to offer evidence

that the defendants had sold or otherwise dealt with the property in repudiation of the claim of the plaintiff." The complaint in this action contains this specific allegation, and comes clearly wihin the decision in the case just quoted. (See, also, 21 Enc. P. & P. 1083.)

There is no contention made in this case that there was any intent on the part of the defendants or the mortgagor to defraud creditors or subsequent purchasers; but the instrument and the conduct of the parties thereto must be looked to in determining the rights of third persons, irrespective of the intention of the mortgagor or the mortgagee. The mortgagee's intention undoubtedly was to assist the mortgagor, and to enable her to carry on her business and to add to her stock of goods and he probably relied more upon her ability to pay than he did upon enforcing payment under and by virtue of the terms of his mortgage. His good intention in the matter is not questioned, but the principles of law involved have been so long established that we cannot recommend that the court now disturb them.

We are therefore of the opinion that this judgment should be affirmed.

PER CURIAM.—For the reasons given in the foregoing opinion, the judgment of the court below is affirmed.