HENDRICKSON, RESPONDENT, v. WALLACE, APPELLANT.

(No. 1,771.)

(Submitted January 15, 1904.   Decided February 1, 1904.)

*Appeal—Equity—Instructions—New Trial.*

1.  Appellant having at all stages of the suit insisted that it is an equity case, it will be treated as such ; there being no ground for reversal.
2.  Instructions to the jury may not be complained of on appeal in an equity case.
3.  Denial of a new trial for insufficiency of the evidence will not be disturbed, there being a substantial conflict of evidence.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Louis J. Hendrickson against William Wallace. From an order denying a new trial, defendant appeals.   Affirmed.

*Messrs. Napton & Napton,* and *Mr. George B. Winston,* for Appellant.

*Messrs. Rodgers & Rodgers,* for Respondent.

The appellant has proceeded in this case upon the theory that it is a case in equity, wherein the court had the right to

disregard the verdict of the jury. In this we think he is clearly mistaken. The parties were entitled to a trial by jury of the question of damages set out in respondent's second cause of action. The issues made upon this cause of action were the ownership of the land by plaintiff and respondent, the ownership of the water by plaintiff' and respondent, the unlawful diversion of said water by the defendant and appellant, the damage to the real estate of the plaintiff and respondent thereby, and the amount of said damage. Every issue which was passed upon by the jury in determining this question, and every issue which was made by the pleadings upon this second cause of action, became immediately *res adjudicata* between the parties, as soon as the verdict of the jury was returned, and those issues could only be retried after a new trial granted in accordance with the procedure in law cases. (*Woolman* v. *Garringer,* 1 Mont. 539; *Basey* v. *Gallagher,* 20 Wall. 680; *Ophir Mining Co.* v. *Carpenter,* 4 Nevada, 949; *Hughes* v. *Dunlap,* 91 Cal. 385; Constitution, Art. III, Sec. 23; Code of Civil Procedure, Sec. 1034; Van Fleet on Former Adjudication, Vol. 1, p. 512; 21 Am. & Eng. Ency. of Law, pp. 185, 193, 196; *King* v. *Chase,* 41 Am. Dec. 675; *Caperton* v. *Schmidt,* 26 Cal. 495; *Clemmens* v. *Clemmens,* 37 N. Y. 59; *Marsh* v. *Morgan,* 18 Mont. 19; Pomeroy, Eq. Jur. Sec. 116; *Gates* v. *Kieff,* 7 Cal. 124; *Mining Co.* v. *Blarkton,* 14 Cal. 543; *More* v. *Massini,* 32 Cal. 594; *Quigley* v. *Birdseye,* 11 Mont. 377; *Miles* v. *Dubay,* 15 Mont. 340.)

MR. COMMISSIONER CLAYBERG prepared the opinion for the court.

This is an appeal from an order overruling a motion for a new trial. The action was instituted by the filing of a complaint on November 10, 1898, for an injunction against the diversion of certain waters which the plaintiff claimed he had appropriated, and which he was entitled to use and enjoy, and for damages for the unlawful interference with his ditches and his right to the use of the waters. The prayer of the complaint

was for a judgment for damages and a permanent injunction. Defendant answered this complaint, practically denying all the material allegations of each cause of action, and, for further defense, set up an adverse use for twenty-one years, and the statute of limitations. To this answer, plaintiff replied.

The issues thus joined were tried before the court with a jury in 1899, and on June 3d of that year the jury returned a general verdict in favor of plaintiff for $250 damages, and twelve special findings, covering all the issues in the case. A motion was made by the plaintiff for judgment upon this verdict and findings immediately after they were returned. The defendant made a motion to set aside the verdict and findings, and asked the court to make findings in lieu thereof, and enter judgment in his favor. The court on May 20, 1900, adopted substantially all of the special findings, and the general verdict of the jury, except the part allowing $250 damages, and substituted in the place thereof a finding that plaintiff was only entitled to $1 damages. On May 29, 1900, defendant gave notice of intention to move for a new trial.

Counsel for defendant has treated the action as one in equity. Counsel for plaintiff, on the other hand, has treated it as one at law. If the action was one in equity, counsel for defendant was required to give notice of his intention to move for a new trial within ten days "after notice of the decision of the court." (Section 1173, Code of Civil Procedure; *Power* v. *Lenoir,* 22 Mont. 169, 56 Pac. 106.) If the action was an action at law, counsel for defendant was required to give his notice of intention within ten days after rendition of the verdict. (Section 1173, Code of Civil Procedure.) If one of the two causes of action was in equity, and one at law, the notice of intention to move for a new trial could only apply to the equitable cause of action, because, concededly, it was not given for more than a year from the rendition of the verdict.

Respondent still insists that the action is one at law, either in whole or in part, and that the injunction is merely incidental to the relief sought in the cause of action stated for damages,

or that, at least, the cause of action stated for damages is clearly an action at law, and, as to that particular branch of the action, plaintiff below was entitled to a jury trial, and that the court could not modify the verdict for damages, except upon motion for a new trial; that notice of intention to move for a new trial was not given within ten days after rendition of the verdict, and therefore that there is no motion for a new trial upon the law side of the action; that, this being true, the verdict and judgment upon that cause of action are *res adjudicata* as to all the rights of the parties; and that this court cannot reverse the order of the court below made on defendant's motion for a new trial in the equitable proceeding.

Inasmuch as the appellant insists that the case was solely one of equitable jurisdiction, and has insisted so from the commencement of the suit, as disclosed by the record, he cannot complain if this court considers this appeal upon his own theory. We shall therefore not pass upon the important question as to the character of the suit brought—whether legal or equitable in whole or in part—but proceed to consider the case upon the theory advanced by the appellant.

Appellant only suggests to this court two errors as grounds for the reversal of the order overruling his motion for a new trial, and these are: First, insufficiency of the evidence to justify the findings and decision of the court, and the verdict and findings of the jury; second, errors at law occurring at the trial in giving of certain instructions. We will consider these alleged errors in the inverse order from that above stated.

If this was a suit in equity, the appellant cannot be heard to allege in this court that the court below erred in instructing the jury. This matter has been too often settled by the decisions of this court to be now questioned. (*Lawlor* v. *Kemper,* 20 Mont. 13, 49 Pac. 398; *Wetzstein* v. *Largey,* 27 Mont. 212, 70 Pac. 717.)

Counsel allege insufficiency of the evidence to support findings Nos. 1, 4, 5, 8, 6, 7, 10 and 12 of the jury, and findings Nos. 2, 4, 5, 6, 7, 8, 9 and 10 of the court. It is sufficient to

say in regard to this alleged error that a careful perusal of the testimony included in the record discloses that it was very conflicting, and that the record contains evidence introduced on the part of the plaintiff, which, if uncontradicted, would clearly support the findings both of the jury and of the court. The rule of this court is well settled that, in cases upon an appeal to this court from an order overruling a motion for a new trial, if the record discloses a substantial conflict of the evidence, it will not reverse the order appealed from. (*Montana Ore Purchasing Co.* v. *Boston & Montana Consol. C. & S. Mining Co.,* 27 Mont. 288, 70 Pac. 1114; *Stevens* v. *Curran,* 28 Mont. 366, 72 Pac. 753; *Nelson* v. *Great Northern Ry.,* 28 Mont. 297, 72 Pac. 642, and cases.)

We are of the opinion that the order appealed from should be affirmed, and so advise.

PER CURIAM.—For the reasons stated in the foregoing opinion, the order appealed from is affirmed.