ECLIPSE LUMBER COMPANY, Appellant, v. JOHN RILEY et al., Appellees.

**APPEAL AND ERROR:** Dismissal—Priority of Liens—Absence of Subject-matter. An appeal will be dismissed when it is made to appear (1) that the appeal involves the question whether a judgment lien on previously mortgaged premises is prior to a mechanic's lien on the same premises, and (2) that the land has gone to foreclosure and deed under the prior mortgage.

Headnote 1:  4 C. J. p. 585.

*Appeal from Allamakee District Court.*—H. E. TAYLOR, Judge.

APRIL 5, 1927.

Plaintiff appeals from a decree in an action to foreclose a mechanic's lien.—*Affirmed.*

*A. J. Eaton* and *E. R. Acres,* for appellant.

*William S. Hart,* for appellee.

MORLING, J.—Defendant Hart had a judgment lien, which the court below held to be superior to plaintiff's lien. The only question presented by this appeal is that of priority between these liens. Defendant Hart moves to dismiss the appeal, on the ground, among others, that the question presented is moot. He has filed a showing—not disputed—that, on December 28, 1923, suit to foreclose mortgage, dated February 15, 1921, on the premises in controversy, to the First National Bank of Waukon, was brought, to which the mortgagor, mechanic's lien and judgment debtors, and the present plaintiff and the defendant Hart were made parties; that the original notice showing personal service on all defendants to the foreclosure was filed December 28, 1923; that, on January 8, 1924, the second day of the term, default was entered against the debtor defendants and Hart, and decree of foreclosure was rendered, as prayed, against all defendants in default; that special execution was issued, showing sale of the premises in controversy to the plaintiff in the foreclosure, the First National Bank; that, on May 19, 1926, sheriff's deed was executed to the First National Bank, and recorded. The mechanic's lien involved in this case is for material furnished in 1922. While it does not specifically appear that default and foreclosure in the mortgage case were formally entered against the plaintiff in this case, it does appear that the plaintiff's lien is junior to the mortgage lien; that plaintiff was duly made a party to the mortgage foreclosure, and was served; and that the defendant Hart no longer has any interest in the premises in controversy. He so alleges, and asks for dismissal on that ground. Presumptively, on the record, the plaintiff's only right in the premises was to redeem from the decree of foreclosure. *Lindsey v. Delano,* 78 Iowa 350; *Gargan v. Grimes,* 47 Iowa 180; *Witham v. Blood,* 124 Iowa 695. Plaintiff makes no claim to the contrary. The question presented by the appeal is moot.

The judgment is—*Affirmed.*

EVANS, C. J., and DE GRAFF and ALBERT, JJ., concur.