LINDSAY GREAT FALLS CO., RESPONDENT, *v.* McKINNEY
MOTOR CO., APPELLANT.

(No. 6,087.)

(Submitted March 30, 1927. Decided April 14, 1927.)

[255 Pac. 25.]

*Conversion—Complaint—Sufficiency—Partnership Sued as a
Corporation—Summons—Waiver of Misnomer—Judgments
are Causes of Action—Right of Action upon—Remedy by
Execution Cumulative.*

Partnership may be Sued Under Common Name.
    1. A partnership transacting business under a common name may
be sued by that name.

Same—Action Against Under Wrong Name—Waiver of Misnomer—Default Judgment—Validity.
    2. Under the rule that where a party is sued by a wrong name
and served with summons under that name, he waives the misnomer
by failure to appear and plead it and is bound by the consequent
default judgment, *held*, that where a partnership was sued as a
corporation, summons being served upon the principal officer of
the concern, who occupied the same position prior to its dissolution as a corporation and the formation of the partnership, the
right party was served with process and judgment entered on nonappearance was valid.

Actions—Service of Process—Error in Name—When Insufficient to Warrant Setting Aside Default Judgment.
    3. Procedure under the Code system looks to substance rather than
to form and to persons and things rather than to mere names, and
if a party has been accorded his substantial rights in the matter
of service of process, he is in no position to complain of the consequences incident to his nonappearance in reliance upon an error
in his name.

Judgments—Judgment a Cause of Action—Right of Action—Remedy
by Execution Cumulative.
    4. A judgment is a cause of action on which suit may be brought
within ten years of its rendition, under section 9028, Revised Codes
of 1921, the remedy by execution being cumulative merely and not
impairing the common-law right of action upon the judgment as a
debt of record.

Conversion—Complaint—Sufficiency.
    5. Complaint in an action in conversion, alleging that plaintiff at
the time stated was the owner and entitled to the immediate pos-

<hr />

    1. Suing partnership in firm name, see notes in 56 Am. Dec. 151;
29 L. R. A. (n. s.) 283; 51 L. R. A. 463. See, also, 20 k. C. L. 933.
    4. See 15 R. C. L. 898, 899,

[79 Mont. 136.]

session of the chattel, that defendant converted it to his own use and that its value at the time of the conversion was a given amount, was sufficient.

[1] Partnership, 30 **Cyc.**, p. 560, n. 19, p. 596, n. 56 New.
[2] Judgments, 33 **C. J.**, sec. 132, p. 1200, n. 18.
[3] Judgments, 33 **C. J.**, sec. 132, p. 1200, n. 18.
[4] Judgments, 34 **C. J.**, sec. 1526, p. 1080, n. 3, 8, 9, p. 1081, n. 10; sec. 1532, p. 1086, n. 67.
[5] Trover and Conversion, 38 **Cyc.**, p. 2066, n. 94.

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by the Lindsay Great Falls Company against the McKinney Motor Company. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Smith & Eickemeyer,* for Appellant, submitted a brief; *Mr. H. R. Eickemeyer* argued the cause orally.

*Messrs. McKenzie & McKenzie,* for Respondent, submitted a brief; *Mr. John McKenzie* argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Prior to April 3, 1922, McKinney Motor Company, a Montana corporation, with its principal place of business at Great Falls, was transacting business in that city. On that day, pursuant to the provisions of our statutes, the corporation was dissolved, all of which appears of record in the office of the clerk of the district court of Cascade county, and in the office of the secretary of state.

Immediately following the dissolution of the corporation, it would seem, C. A. McKinney and M. L. McKinney associated themselves in a partnership and transacted business at Great Falls under the common name of McKinney Motor Company. On the second day of May, 1925, an action was commenced in the district court of Cascade county, entitled Lindsay Great Falls Company, a corporation, plaintiff, *v.* McKinney Motor Company, a corporation, defendant. For convenience we shall

refer to this action as the first action. It was alleged in the complaint, in substance, that at the time thereinafter stated the plaintiff was the owner and entitled to the immediate possession of one Ford coupe, and that on February 27, 1925, the defendant converted the same to its own use, and that the value of the coupe at the time of the conversion was $400. Summons issued and was placed in the hands of the sheriff for service with instructions to serve the same upon the defendant McKinney Motor Company, a corporation. On May 4, 1925, a deputy sheriff went to the place of business of the McKinney Motor Company for the purpose of serving the summons and then and there delivered a copy of the summons and a copy of the complaint to C. A. McKinney, who advised the officer that McKinney Motor Company was not a corporation, there being no longer a corporation of that name, and that service could not be obtained upon that corporation by serving him. The officer nevertheless left the papers with McKinney and telephoned to McKenzie & McKenzie, attorneys for the plaintiff, telling them of the statement made by McKinney. The attorneys advised the officer that the service was good, as the records in the office of the county clerk showed the defendant to be a corporation. The officer then made his return upon the summons to the effect that he had served the same upon McKinney Motor Company, a corporation. When the defendant did not appear the attorneys for the plaintiff caused the defendant's default to be entered and in due time a judgment was entered in favor of plaintiff against the defendant McKinney Motor Company, a corporation. Execution upon the judgment was placed in the hands of the sheriff who in due time returned it with the statement that he was unable to find any property belonging to the defendant.

On November 10, 1925, the plaintiff commenced an action against McKinney Motor Company upon the judgment above mentioned. We shall refer to this as the second action. In the complaint the plaintiff alleged in substance that during all of the times mentioned in the complaint Charles A. McKinney and another or others "were and now are associated in

and transacting and do transact business at Great Falls, Montana, under the common name of McKinney Motor Company with said McKinney as the manager thereof''; that on or about May 25, 1925, judgment was duly given and made in and by the court in favor of plaintiff and against defendant for the sum of $400, with interest from February 27, 1925, together with costs, a copy of the judgment being attached to the complaint. The plaintiff then alleged that after defendant's name in the title in the first action the words "a corporation" appeared, but that the defendant in the first action and in the second action is the same; that the cause of action alleged in the complaint in the first action "was against the defendant herein only, was not against any other or different party, and said action was brought against the defendant, and none other," and there was no other McKinney Motor Company doing business in Great Falls; that the summons and complaint in the first action were personally served on the defendant by handing to and leaving with said Charles A. McKinney a copy of each thereof. Other allegations are not important. To this complaint "Charles A. McKinney, doing business as McKinney Motor Company" demurred. The demurrer being overruled, an answer was filed by "the defendant Charles A. McKinney," denying all of the allegations of the complaint.

The parties then agreed upon a statement of facts in which, in addition to the facts narrated above, it was stipulated, among other things, that during the year 1925 "no other company or person was doing business within the county of Cascade, state of Montana, as McKinney Motor Company other than said C. A. McKinney and M. L. McKinney."

The court after consideration entered judgment for the plaintiff. Hence this appeal. The notice of appeal is signed by Smith & Eickemeyer, "attorneys for Charles A. McKinney, doing business as McKinney Motor Company."

1. The intention of the plaintiff was to sue the McKinney Motor Company. When the first action was commenced there was not in existence any corporation but there was in existence a copartnership of that name. Adding the words "a corpora-

tion" to the name of the McKinney Motor Company produced a misnomer. If the plaintiff had sued defendant simply as the McKinney Motor Company the designation would have [1] been sufficient, for a partnership transacting business under a common name may be sued by that name. (Sec. 9089, Rev. Codes 1921; *Gardiner* v. *Eclipse Grocery Co.,* 72 Mont. 540, 234 Pac. 490.)

The first question to be resolved is as to the effect of the [2] misnomer. Mr. Freeman, in his work on Judgments, fifth edition, section 414, says: "The weight of authority is, that if the writ is served on the party, by a wrong name, intended to be sued, and he fails to appear and plead the misnomer in abatement, and suffers judgment to be obtained, he is concluded, and in all future litigation may be connected with the suit or judgment by proper averments." The foregoing language was adapted from *First National Bank* v. *Jaggers,* 31 Md. 38, 100 Am. Dec. 53.

In *Alabama and Vicksburg Railway Co.* v. *Bolding,* 69 Miss. 255, 30 Am. St. Rep. 541, 13 South. 844, the action was brought against the "Alabama and Vicksburg Railroad Company," and the summons ran in that name. The summons was served upon an agent of the Alabama and Vicksburg Railway Company. In the course of its discussion the court said: "There are cases which hold that one sued and served by a wrong name may disregard the summons. All agree that one summoned by a name not his own, and who appears and does not plead misnomer, waives it, and is bound by the judgment in the wrong name. There is no sound reason for a distinction in the two classes of cases. The true view is, that one summoned by a wrong name, being thus informed that he is sued, although not correctly described by his true name, not availing of his opportunity to appear and object, whereby the true name would be inserted in the proceedings (Code, sec. 1581), should be precluding from afterwards objecting. Having remained silent when he might and should have spoken, he must ever afterwards be silent as to this matter. This view is sustained by the books," citing many authorities. The court added:

"There is no distinction in this respect between natural persons and corporations."

In a note to *Dixon* v. *Melton,* 137 Ky. 689, 126 S. W. 358, as reported in Ann. Cas. 1912A, at page 459, we find the following note, amply sustained by the authorities: "The rule prevailing in most jurisdictions is that where a defendant has been actually served with a summons, a default judgment against him is valid although in the summons he is misnamed. If the defendant prefers not to appear in the action and enter a plea in abatement he will be deemed to have waived the error."

*Goldstein* v. *Peter Fox Sons Co.,* 22 N. D. 636, 40 L. R. A. (n. s.) 566, 135 N. W. 180, is an instructive case. The suit was brought against the Peter Fox Sons Company, a corporation, whereas that concern was not a corporation but a partnership consisting of eight persons named Fox. The summons was served upon one of the partners, who was managing officer of the company. An observation of the court is appropriate here: "This managing officer of the company, when served with summons, knew it was the Peter Fox Sons Company, a partnership, that was served, as he well did the impossibility of serving a nonexistent corporation, by mistake or misapprehension so designated. As is well said in *Ex parte Nicrosi,* 103 Ala. 104, 15 South. 507, an action wherein a person doing business under a company name was served with a summons designating the company name as a corporation, the court holds the term 'corporation' to be merely descriptive of a named defendant, and not a part of the name itself. The reasoning of the court is as conclusive as it is unanswerable on the question before us."

The court in the *Nicrosi Case* said: "It is clear that the Roswald Grocery Company, whatever it was, whether a partnership, a corporation, or an individual, assuming the name for the purposes of trade, was the party against whom or which suit was instituted, has all along been prosecuted, and will be continued if and after the amendments moved for are allowed. There is, in other words, no question here as to the

identity of the defendant throughout all the proceedings which have been or may, in any proposed event, be had, being originally and at all times the same in the mind of the plaintiff.''

This court, in the case of *Wright* v. *Fire Ins. Co.,* 12 Mont. 474, 19 L. R. A. 211, 31 Pac. 87, was confronted with a somewhat similar question. There the allegation was that the defendant was a corporation organized and existing under the laws of England, but it was urged that the defendant was in fact a copartnership. The court said: ''If the defendant is not a corporation, but a copartnership, as its counsel now assert, it is not shown that any substantial right of defendant is affected by the misdescription of the character of its organization. There is no pretense to that effect. Whether defendant's existence depends upon corporate functions or copartnership association, in either case it is liable in the common name in which it transacted business, and in which it is sued, for any judgment which may be obtained against it in the action.'' (And see *Foshier* v. *Narver,* 24 Or. 441, 41 Am. St. Rep. 875, 34 Pac. 21; *Anglo-American Packing & Provision Co.* v. *Turner Casing Co.,* 34 Kan. 340, 8 Pac. 403; *Lindsey* v. *De-Lano,* 78 Iowa, 350, 43 N. W. 218; *Lafayette Ins. Co.* v. *French,* 18 How. (U. S.) 404, 15 L. Ed. 451 [see, also, Rose's U. S. Notes].)

The mistake which the plaintiff made in this case was not in the entity sued but in the character of the entity. The summons was served upon the right party. All this is shown by proper averments made in the second action.

Our system of procedure looks to substance rather than to [3] form and to persons and things rather than to mere names. (*Anglo-American Packing & Provision Co.* v. *Turner Casing Co.,* supra.) The question is not whether a form of procedure has been observed but has the suitor been accorded his substantial rights, has no injustice been done? If he has disregarded his rights and has neglected to speak when he should have spoken the fault rests upon his own head.

2. But it is argued by the defendant that if the first judg-

[4]   ment is good as against the McKinney Motor Company, execution against that company's property would afford ample relief and that the plaintiff is precluded from suing upon the judgment. This position cannot be maintained. Whether the plaintiff without further application to the court in the first action could have taken property of the partnership under execution need not be considered. Plaintiff's counsel chose to correct the mistake by commencing a new action based upon the judgment, therein showing the misnomer of the defendant in the first action, and that the right party had been sued, and had suffered judgment to go against it.

Our statute provides that an action upon a judgment or decree of any court of record of the United States or of any state within the United States may be brought within ten years of its rendition. (Sec. 9028, Rev. Codes 1921.) This section is applicable to judgments rendered by the courts of this state. (*Haupt* v. *Burton,* 21 Mont. 572, 69 Am. St. Rep. 698, 55 Pac. 110.)

"At common law a judgment has always been regarded as a cause of action on which a right to bring suit exists, and such is the rule nearly everywhere recognized as sound law to-day in the absence of statutes to the contrary" (15 R. C. L. 898), and this is so regardless of plaintiff's right to take out execution according to the weight of authority. The remedy by execution is cumulative merely and statutes giving this remedy do not impair the common-law right of action upon the judgment as a debt of record. (Black on Judgments, sec. 958; *Ames* v. *Hoy,* 12 Cal. 11; *Rowe* v. *Blake,* 99 Cal. 167, 37 Am. St. Rep. 45, 33 Pac. 864.) Nor does there appear to be any restriction upon the judgment creditor's right to commence action within the period limited by the statute, ten years. (*Mandlebaum* v. *Gregovich,* 24 Nev. 154, 50 Pac. 849; *Rowe* v. *Blake,* supra; 15 R. C. L. 899.) Section 9421, Revised Codes, 1921, does not impose any such restriction.

3. The first complaint stated a cause of action. (*Park* v.
[5]   *Grady,* 62 Mont. 246, 204 Pac. 382; *Moore* v. *Crittenden,*

62 Mont. 309, 204 Pac. 1035; *Stevens* v. *Curran*, 28 Mont. 366, 72 Pac. 753.)

The judgment is affirmed.

*Affirmed.*

Associate Justices Myers, Stark, Matthews and Galen concur.