ETTIEN, RESPONDENT, *v.* DRUM, APPELLANT.

(No. 2,078.)

(Submitted March 21, 1905.   Decided April 10, 1905.)

*Sales—Range Cattle — Brands—Validity—Delivery—Subsequent Purchaser—Statutes—Custom.*

Claim and Delivery—Instructions—Sales—Cattle—Delivery.
 1.  Where, in an action in claim and delivery to recover certain cattle, both parties claimed under the same seller, a requested instruction that plaintiff, whose purchase was prior in time, was not entitled to recover any of the cattle except such as had been delivered and "paid for by him," was properly refused, a vendee not being required to pay for property purchased by him in order to make the transaction valid.

Custom—Statutes.
 2.  A custom cannot vary the terms of, or operate to abrogate or repeal, a general statute.

Sales—Personal Property—Delivery—Presumptions.
 3.  *Held,* that Civil Code, section 4491, providing that a transfer of personal property, not accompanied by immediate delivery and followed by actual and continued change of possession is conclusively presumed fraudulent and void as against a subsequent purchaser in good faith, applies to a sale of range cattle.

Sales—Range Cattle—Brands—Partial Delivery—Custom.
 4.  Where one purchases an entire herd of range cattle together with the brand, but delivery of only a portion thereof is actually made, the vendee may not recover those not delivered from a subsequent purchaser in good faith, under an alleged custom among cattlemen that one buying an entire herd of such cattle with their brand, some of which are not actually delivered, becomes the owner of the remnant not delivered.

Statutes—Holding Applicable—Consequences.
 5.  A statute will not be held inapplicable to a given state of facts merely because it works a hardship upon some one.

*Appeal from District Court, Yellowstone County; C. H. Loud, Judge.*

ACTION by William Ettien against H. B. Drum.   From an order denying him a new trial, defendant appealed.   Reversed.

*Mr. W. M. Johnston,* for Respondent.

The title to the cattle in question passed to respondent when the brand was transferred to him by delivery of the bill of sale.

The ownership of cattle running upon the common range is determined by the ownership of the brand. Section 4191 of the Civil Code does not require any such impossibility as the actual delivery of every animal running on the range where the whole band of cattle with the brand has been transferred. (*Walden* v. *Murdock,* 23 Cal. 540, 83 Am. Dec. 135; *Dodge* v. *Jones,* 7 Mont. 121, 14 Pac. 707.) Where cattle are on the range actual possession is in no one; constructive possession accompanies the title. (*Budd* v. *Power,* 9 Mont. 99, 22 Pac. 499; *Dodge* v. *Jones,* 7 Mont. 121, 14 Pac. 707.) Branding stock furnishes evidence of its ownership. (*Stewart* v. *Hunter,* 16 Or. 62, 8 Am. St. Rep. 267, and note, 16 Pac. 876.)

Custom, within the meaning of the law, if general, is incorporated into and becomes a part of every contract to which it is applicable; if local, of every contract made by parties having knowledge of or bound to know its existence. (*Sawtelle* v. *Grew,* 122 Mass. 229; *Holmes* v. *Whitaker,* 23 Or. 319, 31 Pac. 705; *Burns* v. *Sennett,* 99 Cal. 363, 33 Pac. 916; *Smythe* v. *Parsons,* 37 Kan. 79, 14 Pac. 444; *Bradbury* v. *Butler,* 1 Colo. App. 430, 29 Pac. 463; *Hostetter* v. *Park,* 137 U. S. 30, 11 Sup. Ct. 1; *Robinson* v. *United States,* 13 Wall. 336; *Union Ins. Co.* v. *American Fire Ins. Co.,* 107 Cal. 327, 48 Am. St. Rep. 140, 40 Pac. 431; *Austrian* v. *Springer,* 94 Mich. 343, 34 Am. St. Rep. 35, 54 N. W. 50; Code of Civil Proc., sec. 3146, subd. 12.) Deaton was engaged in the business of buying and selling range cattle, and therefore is presumed in law to have knowledge of any custom or usage in relation to said business, whether local or general. (*Morningstar* v. *Cunningham,* 110 Ind. 328, 59 Am. Rep. 211, 11 N. E. 593, 596.)

A dealer is bound to inform himself of a general and well-established usage of his trade or craft. (*Norris* v. *Insurance Co. of North America,* 3 Yeates, 84, 2 Am. Dec. 360; *Walls* v. *Bailey,* 49 N. Y. 464, 10 Am. Rep. 407-412; *Loveland* v. *Burke,* 120 Mass. 139, 21 Am. Rep. 507; *Lupton* v. *Nichols,* 28 Ind. App. 539, 63 N. E. 477.) Deaton had experience as a

cattleman. He testified as a witness in the case and did not deny that he knew of the alleged custom. In such case he is presumed to know of the custom proved. (*Everett* v. *Indiana Paper Co.,* 25 Ind. App. 287, 57 N. E. 281.) Evidence of usage is admissible for the purpose of annexing incidents to contracts. (*Boorman* v. *Jenkins,* 12 Wend. 566, 27 Am. Dec. 158-162; *Andrews* v. *Roach,* 3 Ala. 590, 37 Am. Dec. '718; *Rastetter* v. *Reynolds,* 160 Ind. 133, 66 N. E. 612; *Hayes* v. *Union Mercantile Co.,* 27 Mont. 264, 70 Pac. 975; *Hinchhorn* v. *Bradley,* 117 Iowa, 130, 90 N. W. 592; *Brincefield* v. *Allen,* 25 Tex. Civ. App. 258, 60 S. W. 1010.) Evidence of one witness is sufficient to establish custom. (*Robinson* v. *United States,* 13 Wall. 336, 20 L. Ed. 653; Abbott's Mode of Proving Facts, p. 597, par. 6.) Evidence as to usage need not be "clear, uncontradictory and distinct"; if there is evidence of the alleged usage the question as to whether it exists is for the jury. (*Hinchhorn* v. *Bradley,* 117 Iowa, 130, 90 N. W. 592; *Powell* v. *Luders,* 84 Minn. 372, 87 N. W. 940; *Hansbrough* v. *Neal,* 94 Va. 722, 27 S. E. 593.)

*Mr. Fred H. Hathorn,* and *Mr. Harry A. Groves,* for Appellant.

Where there is a contract of sale and anything remains to be done by the vendor to complete the contract, such as identifying the property sold or the delivery of possession, in absence of an agreement to the contrary, the title does not pass from the vendor to the vendee until such acts are performed. (Benjamin on Sales, 7th ed., p. 293; *Wadhams* v. *Balfour,* 32 Or. 313, 51 Pac. 642; *Rosenthal* v. *Kahn,* 19 Or. 571, 24 Pac. 989.) For the cattle not delivered respondent's only remedy was a right of action for damages for breach of contract against Deaton. (Benjamin on Sales, 7th ed., 920.) But even if the title to the cattle in question had passed to the respondent at the time of the contract, still respondent could not recover as against a *bona fide* purchaser unless there was an immediate delivery followed by an actual and continued change of posses-

sion. (Mont. Civil Code, sec. 4491; *Byxbee* v. *Deury* (Cal.), 47 Pac. 52; *Johnson* v. *Bailey,* 17 Colo. 59, 28 Pac. 81; *Walden* v. *Murdock,* 23 Cal. 540, 83 Am. Dec. 135; *Dodge* v. *Jones,* 7 Mont. 121, 14 Pac. 707.) To permit a custom to govern in relation to dealings of parties it must be general, reasonable, uniform, certain, ancient and known by the parties or sufficiently notorious to warrant the legal presumption that they knew of it. (*Randall* v. *Smith,* 63 Me. 105, 18 Am. Rep. 200, and note; *Dickinson* v. *Gray,* 7 Allen, 29, 83 Am. Dec. 656, and note; *Nelson* v. *Southern Pacific Co.,* 15 Utah, 374, 49 Pac. 644; *Holmes* v. *Whitaker,* 23 Or. 319, 31 Pac. 705; *McBee* v. *Caesar,* 15 Or. 62, 13 Pac. 652; *Laver* v. *Hotaling,* 115 Cal. 613, 46 Pac. 1070.)

Evidence to establish a custom must show all the essentials, as above enumerated, requisite to a valid custom. (*Fitzgerald* v. *Hansen,* 16 Mont. 474, 41 Pac. 230; *Kendall* v. *Russell,* 5 Dana (Ky.), 501, 30 Am. Dec. 696; *Hayward* v. *Middleton,* 3 McCord, 121, 15 Am. Dec. 615; *Desha* v. *Holland,* 12 Ala. 513, 46 Am. Dec. 261; *Brown* v. *Gill & Fisher,* 50 Fed. 941; *Hibbard* v. *Peck,* 75 Wis. 619, 44 N. W. 641; *Savage* v. *Pelton,* 1 Colo. App. 148, 27 Pac. 948; *Adams* v. *Manufacturers' etc. Fire Ins. Co.,* 17 Fed. 630; *Van Hoesen* v. *Cameron,* 54 Wis. 609, 20 N. W. 609; *Cleveland etc. Ry. Co.* v. *Jenkins,* 174 Ill. 398, 66 Am. St. Rep. 296, 51 N. E. 811.) The respondent's evidence is insufficient to establish a custom.

A custom will not be heard to affect the terms of a statute. (Mont. Civil Code, sec. 4491; *Helme* v. *Philadelphia Life Ins. Co.,* 61 Pa. St. 107, 100 Am. Dec. 621, and note; *Dickinson* v. *Gay,* 7 Allen, 29, 83 Am. Dec. 656.) A general custom will not be heard to vary, add to, or contradict the terms of an express contract. (*Keefe* v. *Dorland,* 16 Mont. 16, 39 Pac. 916; *Dickinson* v. *Gay,* 7 Allen, 29, 83 Am. Dec. 656, and note; *Boorman* v. *Jenkins,* 12 Wend. 566, 27 Am. Dec. 158, and note; *Boardman* v. *Spooner,* 13 Allen, 353, 90 Am. Dec. 196; *Randall* v. *Smith,* 63 Me. 105, 18 Am. Rep. 200, and note;

*Orient Mutual Ins. Co.* v. *Wright,* 23 How. 401, 16 L. Ed. 524; *National Savings Bank* v. *Ward,* 100 U. S. 195, 25 L. Ed. 621; *First National Bank* v. *Burkhardt,* 100 U. S. 686, 25 L. Ed. 766; *Gilbert* v. *McGinnis* (Ill.), 28 N. E. 382; *O'Donohue* v. *Leggett,* 134 N. Y. 40, 31 N. E. 269; *Louisville & C. Packing Co.* v. *Rogers,* 20 Ind. App. 594, 49 N. E. 970; *Scott* v. *Hartley,* 126 Ind. 239, 25 N. E. 826; *Van Camp Packing Co.* v. *Hartman,* 126 Ind. 177, 25 N. E. 901; *Holloway* v. *McNear,* 81 Cal. 154, 22 Pac. 514; *Ah Tong* v. *Earl Fruit Co.,* 112 Cal. 679, 45 Pac. 7; *Salomon* v. *McRae,* 9 Colo. App. 23, 47 Pac. 409; *Vollrath* v. *Crow,* 9 Wash. 374, 37 Pac. 474; *Williams* v. *Ninemire,* 23 Wash. 393, 63 Pac. 534; *Baltimore Baseball etc. Co.* v. *Pickett,* 78 Md. 375, 44 Am. St. Rep. 304, 22 L. R. A. 690; *Williams* v. *Insurance Co.,* 24 Fed. 767; *Lowenfeld* v. *Curtis,* 72 Fed. 105; *Turnbull* v. *Citizens' Bank,* 16 Fed. 145; *Eaton* v. *Gladwell,* 108 Mich. 678, 66 N. W. 598; *Isaksson* v. *Williams,* 25 Fed. 645.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in claim and delivery, brought by Ettien against Drum to recover the possession of forty-four head of range cattle, or for their value in case delivery of possession could not be made. In his answer the defendant denies that plaintiff, Ettien, was the owner or entitled to the possession of any of the cattle, and then sets forth that he himself purchased the cattle in controversy on October 1, 1900, from William Deaton and Austin Warr, who were the owners and in possession of the cattle at the time of his purchase, and that he paid for them a valuable consideration, and took and thereafter retained possession of them. The plaintiff, by his amended reply, alleges that in July, 1900, William Deaton was the owner of a herd of range cattle, about seven hundred and sixty head; that at that time Deaton sold such cattle to the plaintiff; that the cattle were to be delivered in two deliveries at Utica, Montana; that on or about August 5, 1900, Deaton did deliver to

Ettien six hundred and seven head of such cattle, and the same were then paid for at the agreed price per head, and on or about September 1st ninety-eight head more were delivered and paid for; that at the time the contract of sale was made it was agreed between Deaton and Ettien that no new brand or vent or tally mark should be placed on the cattle, but that Deaton was to sell all his cattle bearing the pitchfork brand, together with that brand, and a bill of sale to this effect was executed and delivered by Deaton to Ettien. It further appears from the evidence that soon after this second delivery Deaton appeared at Ettien's place with the cattle in controversy, claiming that they constituted the remnant of the herd which he had been unable to include in either of the two deliveries made, and offered to deliver them; but in the absence of Ettien himself his foreman refused to accept the cattle, and Deaton then sold them to Drum, who paid for them, and took and retained their possession until this action was brought the following spring.

The cause was tried to the court sitting with a jury, and among other instructions given by the court at the request of the plaintiff is No. 9, which reads as follows: "If you find from the evidence that William Deaton and Austin Warr, or either of them, on or about July 24, 1900, were the owner or owners of all cattle branded with the pitchfork brand, including the cattle involved in this action, and on that date sold all of such cattle to plaintiff, and at the same time sold plaintiff the said pitchfork brand and the right to use the same, and you also find from the evidence that under the terms of said sale there were to be only two deliveries of said cattle, that such deliveries were made, the cattle counted out, and paid for by the plaintiff, and you further find that there was at that time a general custom and usage among cattlemen in that section of the country where plaintiff and the said Deaton resided and where the transaction in question took place that where an entire herd of cattle branded with a certain brand, together with the brand, is sold to any person, the cattle to be counted out and

delivered in certain specified deliveries, and such deliveries are made, the cattle counted out, and paid for by the buyer, that thereafter all cattle found on the range branded with the brand in question belong to the buyer of said cattle and said brand, regardless of whether or not said cattle may have been actually included in either of the deliveries specified, then you are instructed that you should find a verdict for the plaintiff in this action." The jury returned a verdict in favor of the plaintiff, and judgment was entered thereon. From an order denying his motion for a new trial, the defendant, Drum, appealed.

In his brief appellant specifies three errors:

1. Error of the court in refusing to give an instruction to the effect that the plaintiff was not entitled to recover any of the cattle described in the complaint, except such as may have been delivered to him by Deaton and paid for by the plaintiff. The instruction was properly refused. We know of no rule of law which requires a vendee to pay for property purchased by him at the time of its delivery in order to make such transaction valid.

2. Error is predicated upon the action of the court in permitting evidence to be introduced as to a custom prevailing in that part of Montana with reference to the ownership of the remnant of a herd of cattle, where it was intended to sell the entire herd and the brand, and where some of the herd was never actually delivered. Objection is made to our considering this specification, for the reason that the particular ground urged here was not included in defendant's objection to the testimony when offered. It is, however, not necessary for us to consume time in considering this, as the same question is properly saved by an objection to instruction No. 9, above.

3. Does instruction No. 9 state the law applicable to this case? We are of the opinion that it does not; that the theory adopted by the trial court in this regard was erroneous, and that the effect of such an instruction was to hold that section 4491 of the Civil Code is not applicable to a sale of the char-

acter of the one made by Deaton to Ettien. At the time of this sale Deaton was in possession of the entire herd of cattle which he sought to transfer to Ettien, and as between the parties such sale was valid; but there is no controversy here as between those parties, but between the original vendee, Ettien, and Drum, a subsequent purchaser.

The theory of the plaintiff, and that adopted by the court as disclosed by instruction No. 9, above, is that where one purchases an entire herd of range cattle and the brand, but some of such cattle are not actually delivered, the purchaser nevertheless becomes the owner of the remnant of the herd, or of that portion not delivered; and this theory is based upon a custom to that effect, which it was sought to show prevails throughout Montana, or at least throughout that portion of the state where these transactions took place. Curiously enough, it was sought to show that Deaton knew of this custom, or from his occupation or surroundings ought to have known of it; but no effort whatever was made to show that Drum, the party directly interested in this controversy, either knew of the prior sale or of such custom. But, in our view of the case, this becomes immaterial. It does, however, appear that some of these cattle—four or five at least—were actually included in one or the other of the two deliveries which were made.

The terms of section 4491, above, are too plain for controversy. Every transfer of personal property, if made by a person having at the time the possession or control of such property, if such transfer is not accompanied by immediate delivery and followed by an actual and continued change of possession of the thing transferred, is conclusively presumed to be fraudulent and void as against a subsequent purchaser in good faith. It is elementary that a custom cannot vary the terms of, or operate to abrogate or repeal, a general statute. (*Penn* v. *Oldhauber,* 24 Mont. 287, 61 Pac. 649; 12 Cyc. 1054, and cases cited.) Therefore, if this statute applies to a sale of range cattle, it is quite immaterial what the custom may have been in fact in that neighborhood. The question as to whether

or not Drum was a subsequent purchaser in good faith was one of fact, to be determined as other questions of fact; and, this done, it became the duty of the court to give to the jury an instruction embodying section 4491, above, or the substance of it, or to say to the jury that, as against a subsequent purchaser in good faith, Ettien could only recover such of the cattle in controversy as had actually been delivered to him.

It may be true that a hardship is worked by applying the provisions of section 4491 to a sale of the character made by Deaton to Ettien, but we cannot hold a law inapplicable merely because it works a hardship upon some one. Neither can we say that a statute which specifically includes every species of personal property does not apply to range cattle.

Numerous cases may be found wherein it is decided that particular acts did or did not constitute a delivery, but it is unnecessary to refer to them, for in this instance there is no pretense that anything whatever was done toward the delivery of the remnant of this herd, and we undertake to say that no decision can be found which justifies Ettien's claim of ownership to such of these cattle as were never delivered to him, as against the claim of a subsequent purchaser in good faith. The order overruling the motion for a new trial is reversed, and the cause remanded to the district court, with directions to grant a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.