ROBINSON, APPELLANT, *v.* COLE, RESPONDENT.

(No. 3,153.)

(Submitted September 12, 1912.  Decided September 25, 1912.)

[126 Pac. 850.]

*New Trial—Conflict in Evidence—Verdict—Conclusiveness on Appeal—Discretion.*

New Trial—Verdict—Conclusiveness on Appeal.
   1.  A verdict on conflicting evidence, approved by the trial court in denying a new trial, is conclusive on appeal.
Same—Evidence—Insufficiency—Discretion.
   2.  A motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict is addressed to the sound legal discretion of the trial court, and its action will not be disturbed on appeal, unless such discretion has been abused.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Arthur L. Robinson against F. L. Cole. From a judgment for defendant, plaintiff appeals. Affirmed.

*Messrs. Wight & Pew,* for Appellant, submitted a brief; *Mr. C. E. Pew* argued the cause orally.

*Mr. H. S. Hepner* submitted a brief in behalf of Respondent and argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action in claim and delivery. It originated in a justice's court of Lewis and Clark county. From a judgment in favor of the defendant, plaintiff appealed to the district court. Upon a trial in that court, the defendant was again successful. Plaintiff has appealed from the judgment and an order denying his motion for a new trial.

The controversy involves the ownership and right to the possession of a cow and her calf, together of the value of $50. The only question submitted for decision is whether the district court erred in refusing to grant a new trial, on the ground that the evidence is insufficient to justify the verdict. The contention by counsel for plaintiff is that the evidence adduced by the plaintiff made out a clear case, and that the evidence on the part of the defendant is not in substantial conflict with it. After an attentive examination of the record, we think the contention must be overruled.

The parties reside in the same neighborhood. It seems that during the summer season their cattle are allowed to run upon the public range. Plaintiff's evidence tended to show that the cow was born upon the range in June, 1908; that he kept her on his ranch during the following winter; that he branded and earmarked her in the spring of 1909, and turned her out upon the range; that his ownership of her was not questioned until the fall of the year, after she had been put into his pasture with the rest of his cattle for the winter; that the defendant, having observed her there, claimed her as his; that defendant's attention

was then called to the earmarks and brand, as evidence of plaintiff's ownership; that it was not possible to observe the brand, because it was dim and was covered by a long growth of hair; that it was thereupon agreed between plaintiff and defendant that plaintiff should retain possession until the hair had been shed in the following spring, when another examination would be made; that defendant did not go to make the second examination; that plaintiff, having put a new brand beside the old one, turned the animal out upon the range; and that later in the year the defendant, having found her there with her calf, took possession of both and kept them. The evidence on the part of the defendant tended to show that the cow was born on his ranch, or the range adjacent to it, in April, 1908; that she was allowed to go upon the range during the season; that he took her up and had her wintered at a neighbor's ranch during the following winter; that she was turned out upon the range in the spring; that in the fall she was brought by him to his ranch and put in his pasture; that she broke out, and was not seen by him again until he found her in the plaintiff's pasture; that during the conversation which then occurred between him and plaintiff the latter admitted that the animal was a stray, stating that he had repeatedly turned her out of his pasture, but that she had as often returned; that plaintiff stated that there was another stray among his cattle, and proposed to defendant that he (plaintiff) would retain one of them and allow the defendant to take the other; and that the latter finally determined to let the matter rest, because it was then late in the day, until the following spring, but did nothing else with reference to it until the following fall, when, having found the cow with her calf on the range, he took possession of them and thereafter retained them. The plaintiff denied that he ever stated to defendant that the animal was a stray. A considerable amount of evidence was introduced by both parties, for the purpose of identifying the animal by her color and markings, other than the brands and earmarks. As to the character of these, there was little controversy; but there was a direct conflict as to the position of them upon the body.

It is apparent from this brief general synopsis of the evidence [1] that it presents a case for determination by a jury in the first instance, and then by the judge upon a review of their finding, on the motion for a new trial. Both having resolved the issue, upon conflicting statements of the witnesses, adversely to the plaintiff, their action is conclusive upon this court, and must be accepted as final.

It may be conceded that the report of the evidence in the printed record justifies the conclusion that the plaintiff ought to have recovered. Yet, in a case in which, as in this, the [2] parties are entitled to a trial by a jury, a motion for a new trial on the ground of insufficiency of the evidence is addressed to the sound legal discretion of the trial court. As we have repeatedly said, its action thereon will not be disturbed by this court, unless it is manifest that this discretion has been abused. (*Welch* v. *Nichols*, 41 Mont. 435, 110 Pac. 89.) No abuse is manifest here.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH, being absent, did not hear the argument, and takes no part in the foregoing decision.