PRICE, RESPONDENT, *v.* NORTHERN PACIFIC RY. CO.,
APPELLANT.

(No. 4,389.)

(Submitted April 22, 1921.  Decided May 23, 1921.)]

[198 Pac. 439.]

*New Trial—On Minutes—Presumptions—Grounds—Notice of
Intention Controlling—Hearing—Delay—Duty of Parties.*

New Trial—On Minutes of Court—Presumptions.

1.  Where the notice of intention to move for a new trial was based
upon the minutes of the court and a bill of exceptions thereafter to
be settled, and the record on appeal from the order granting a new
trial was silent as to the existence of a bill of exceptions, the su-
preme court will presume that the order was made upon the minutes,
the burden of showing that it was not so made having been upon
respondent.

Same—Grounds—Notice of Intention Controlling.

2.  Since the party moving for a new trial may be heard only upon
the grounds urged in his notice of intention, where movant in his
notice to the adverse party stated that he would call his motion for
hearing on a certain day and that the motion would be made pur-
suant to the notice of intention "and upon the records and files in
said action," he neither added to nor detracted from the grounds
of the motion itself by the words quoted.

Same—Diligence in Bringing Motion to Hearing—Discretion.

3.  The question whether diligence was or was not shown in present-
ing a new trial motion for hearing is addressed to the discretionary
power of the trial court, reviewable only in case of abuse of its
discretion.

Same—Hearing—Diligence—Presumptions.

4.  In the absence of an affirmative showing that the trial court
abused its discretion in hearing a motion for new trial eleven months
after notice of the motion, it will be presumed on appeal that it
was heard at the earliest practicable period after notice, as required
by section 6797, Revised Codes, where the motion was based upon the
minutes of the court.

Same—Hearing—Diligence—Duty of Parties.

5.  While primarily the duty of calling a motion for new trial for
hearing at the earliest practicable period after notice of motion de-
volves upon movant, the adverse party may do so if he feels aggrieved
by delay, and where he does not, he is not in position to complain.

*Appeal from District Court, Broadwater County; John
A. Matthews, Judge.*

ACTION by R. C. Price against the Northern Pacific Railway Company. Judgment for defendant. From an order granting a new trial, defendant appeals. Affirmed.

*Messrs. Gunn, Rasch & Hall,* for Appellant, submitted a brief; *Mr. M. S. Gunn* argued the cause orally.

Plaintiff's notice, served on defendant almost a year after the verdict was rendered and the notice of intention to move for a new trial was made, states that it will be heard upon the records and files in said action. No bill of exceptions had been settled and filed, so as to become a record in said action, and just what documents could be considered by the court under the term "records and files in said action" is not defined by any statute or decision in this state. "Records and files" is not as comprehensive a term as "minutes of the court," which latter term includes "pleadings, records, minute entries, and the evidence offered at the trial." (*State ex rel. Cohen* v. *District Court,* 38 Mont. 119, 99 Pac. 139.)

Section 6797 of the Revised Codes makes a clear distinction between "records and files" and "proceedings on the trial," which latter term includes the stenographer's untranscribed notes of the testimony. The last sentence of this section reads: "On such hearing reference may be had in all cases to the pleadings and orders of the court, and when the motion is made on the minutes, reference may be also had to any depositions and documentary evidence offered at the trial, and to the proceedings on the trial."

We submit that a notice, stating that a motion for a new trial will be called up on a certain date, and will be heard on the records and files in the action, does not give the court authority to refer to or consider the "proceedings at the trial," which had never been filed and made a part of the record in such action. In *Moore* v. *Butte Electric Ry. Co.,* 47 Mont. 214, 131 Pac. 635, it was held that "minutes of the cause" was equivalent to "minutes of the court," but "records and

files'' cannot be the equivalent of the technical and well-defined term ''minutes of the court.'' Of course, if the motion was to be heard only on the records and files, the court had no authority to consider the sufficiency of the evidence and erred in granting the new trial on such ground.

If it is held that plaintiff's notice of October 10, 1918, was sufficient in form to authorize the court to consider everything embraced within the term ''minutes of the court,'' we insist that the court erred in not sustaining defendant's objection to the consideration at all of plaintiff's motion for a new trial on the minutes of the court, for the reason that said motion was not called up for hearing until the third, or possibly the fourth, term of court after the trial of the action and the notice of intention to move for a new trial was filed. Under such circumstances was plaintiff's application for a new trial ''heard at the earliest practicable period after notice of the motion,'' as required by section 6797? If the plain language of this section is to be given any force and effect, then, certainly, a motion not called up for hearing until three or four terms after the trial is a violation of such statute, and the motion should not be heard by the court, when objected to by the opposing party. (*State ex rel. Cohen* v. *District Court, supra; Malcolmsen* v. *Haines,* 90 Cal. 262, 27 Pac. 206; *O'Connor* v. *Healey,* 96 Misc. Rep. 278, 161 N. Y. Supp. 582.)

It is true that section 6797 provides that motions for a new trial ''may be brought to a hearing upon motion of either party.'' As to whether this provision relates to motions to be heard upon the minutes of the court, or only to motions ''in other cases after the affidavits or bills of exceptions, as the case may be, are filed,'' has never been determined, so far as we are advised. However, we submit that it is the duty of the moving party to call up his motion for hearing, especially in a case where the notice of intention states that the motion will be made upon the minutes of the court. (*Galbraith* v. *Lowe,* 142 Cal. 295, 75 Pac. 831; *Dorcy* v. *Brodis,* 153

Cal. 673, 96 Pac. 278; *Doon* v. *Tesh,* 131 Cal. 406, 63 Pac. 764.)
Assuming, however, that either party had the right to call up
for hearing the motion for a new trial on the minutes of the
court, we submit that if he failed to do so until the third or
fourth term of court after the motion was made, and that there-
upon the other party objected to the hearing of the motion at
that time, under the mandatory provisions of section 6797 it
was the duty of the court to refuse to consider the motion.
Especially so, in the absence of any showing that it was not
practicable to have the hearing of the motion at an earlier
period.

*Messrs. Galen, Mettler & Toomey,* for Respondent, submitted
a brief; *Mr. Frank W. Mettler* argued the cause orally.

MR. COMMISSIONER SPENCER prepared the opinion for
the court.

This is an action for damages to plaintiff's land and certain
personal property, caused, as charged by the plaintiff, by
negligence of the defendant in constructing and maintaining
an obstruction which diverted the flood waters of the Missouri
River upon the plaintiff's land.   Issue was joined and trial
had to a jury, which returned its verdict in favor of defend-
ant.   Judgment upon the verdict was made and entered No-
vember 30, 1917.   On December 8, 1917, plaintiff served and
filed his notice of intention to move for a new trial upon the
grounds of (1) the insufficiency of the evidence to justify
the verdict and (2) errors in law occurring at the trial and
excepted to by the plaintiff, and based his motion "on the
minutes of the court and upon a bill of exceptions hereafter
to be settled."   On October 11, 1918, plaintiff served notice
upon the defendant that on November 11, 1918, he would call
for hearing his motion for new trial, and among other things
the notice contained the following:  "The said motion will
be made pursuant to the notice of intention to move for a new
trial heretofore filed in the above-entitled action, and will be

heard upon the records and files in said action''; and on November 11, the motion for new trial was submitted to the court upon brief of plaintiff and written communication from defendant to the court objecting to the hearing of said motion as being in violation of section 6797 of the Revised Codes. On November 27, the court made its order vacating the verdict and judgment based thereon and granting a new trial. Appeal is from said order.

Appellant concedes that if the motion for a new trial based upon the minutes of the court could be heard at all, under the conditions as shown by the record, this court will not interfere with the order of the court below, so that but two questions are before us for determination, *viz.*: Could the motion be heard upon the minutes of the court at all, in view of the record before us? and was such hearing in violation of the provisions of section 6797, Revised Codes?

The notice served on defendant, advising it of the day upon [1, 2] which the motion for a new trial would be called for hearing, has served its purpose when the adverse party is told a reasonable length of time in advance that the motion would be called to the attention of the court, so that he may present any defense he may have to the motion. No particular form of notice is required. In this case thirty days' notice was given, and defendant was advised that the motion would be heard pursuant to the notice of intention, and ''upon the records and files in said action.'' The last phrase was purely gratuitous upon the part of the movant, and neither added to nor detracted from the grounds of the motion itself. The respondent was not bound by any statement in his notice, as the motion, in any event, could only be heard upon the grounds and pursuant to the notice of intention. The notice of intention was based upon the minutes of the court, as well as a bill of exceptions, thereafter to be settled. The motion having been granted, and the record before us being silent as to the existence of a bill of exceptions, we indulge the presumption that the order was made upon the minutes of the court, and

the burden was upon the appellant to show that it was not so made. (*Moore* v. *Butte Elec. Ry. Co.*, 47 Mont. 214, 131 Pac. 635.)

Was the court justified in hearing the motion notwithstanding the provisions of section 6797, Revised Codes? This section provides: "The application for a new trial must be heard at the earliest practicable period after notice of the motion, if the motion is to be heard upon the minutes of the court." The record does not disclose any cause or excuse for delay in hear-

[3, 4] ing the motion. The determination of the question of diligence in presenting the motion for hearing was within the discretionary power of the trial court. (*Galbraith* v. *Lowe*, 142 Cal. 295, 75 Pac. 831; *Dorcy* v. *Brodis*, 153 Cal. 673, 96 Pac. 278.) Delay such as appears here should not be countenanced by the court unless for good cause shown, and much of the criticism heaped upon the courts of to-day is due to such cause. However, we presume, in the absence of affirmative showing to the contrary, that the trial court heard the motion in the ordinary exercise of its judicial duties, at the earliest practicable period after notice of motion (*State ex rel. Beach* v. *District Court*, 29 Mont. 265, 74 Pac. 498), and unless there is clear abuse of discretion, this court will not interfere (*Brange* v. *Bowen*, 57 Mont. 77, 186 Pac. 680; *Jones* v. *Shannon*, 55 Mont. 225, 175 Pac. 882; *Robinson* v. *Cole*, 46 Mont. 140, 126 Pac. 850; *Mullen* v. *City of Butte*, 37 Mont. 183, 95 Pac. 597; *Ettien* v. *Drum*, 32 Mont. 311, 80 Pac. 369; *Hendrickson* v. *Wallace*, 29 Mont. 504, 75 Pac. 355).

Either party could have called this motion for hearing, and

[5] while primarily this duty devolved upon the movant, yet if the defendant felt aggrieved by the delay it could have exercised its privilege, and by not doing so it must share the fault. We cannot say the court abused its discretion.

We find no error in the ruling of the court, and therefore recommend that the order of the court vacating the verdict and judgment and granting a new trial be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order of the court vacating the verdict and judgment and granting a new trial be affirmed.

*Affirmed.*

MR. JUSTICE GALEN, being disqualified, takes no part in the above order.