JENNIE DE HART, Appellant, v. SCHOOL DISTRICT NO. 39, ST. LOUIS COUNTY MO., Respondent.*

St. Louis Court of Appeals. Opinion Filed May 6, 1924.

1. **SCHOOLS AND SCHOOL DISTRICTS: School Board: Power to Discontinue School and Dismiss Teacher for Lack of Scholars: Teacher Precluded from Recovering Wages for Unexpired Term of Contract of Employment.** Under section 11145, Revised Statutes 1919, where the attendance of a colored school was less than eight scholars per month, the school board had power or authority to discontinue the school and dismiss the teacher so as to relieve the district from liability to render compensation to the teacher as agreed upon in the contract, notwithstanding the provisions of section 11138, providing that neither party to a teacher's contract shall suspend or dismiss a school under said contract without the consent of the other party, and the board shall have no power to

De Hart v. School Dist. No. 39.

dismiss a teacher, except in case of revocation of the teacher's certificate or should the schoolhouse be destroyed.

2. **STATUTES: Construction: Special Statutes Prevail Over General.** Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them the special will prevail over the general statute.

3. ———: ———: **Object of Construction to Effectuate Intention of Legislature.** The object of all rational construction of statutory enactment is to seek out and effectuate the purpose and intent of the Legislature.

4. **SCHOOLS AND SCHOOL DISTRICTS: Evidence: School of Average Daily Attendance of Less Than Eight Pupils: Common Knowledge Teacher's Wages Main Expense.** It is a matter of common knowledge that the chief item of expense in conducting a school for colored children in a community where it is at all probable that the average daily attendance would ever fall below eight for any one month, is the compensation of the teacher.

---

*Headnote 1.  Schools and School Districts, 35 Cyc, p. 1090 (1925 Anno);  2.  Statutes, 36 Cyc, p. 1151;  3. Statutes, 36 Cyc, p. 1106; 4.  Evidence, 23 C. J., section 1986 (1925 Anno).

Appeal from the Circuit Court of St. Louis County— *Hon. G. A. Wurdeman,* Judge.

AFFIRMED.

*E. H. Wayman* for appellant.

(1) The contract between plaintiff and defendant was a contract in every sense of the word, and was equally binding upon both parties thereto. Rudy v. School District, 30 Mo. App. 113; Secs. 11137 and 11138, R. S. 1919. (2) There was no right in the school board reserved by the contract to be relieved of its liability for plaintiff's compensation in case the school was closed for falling off of average daily attendance.  (3) Notwithstanding the closing of the school plaintiff's contract was still in

force, and the directors of defendant school district had no power to dismiss plaintiff. Sec. 11138, R. S. 1919. (4) Failure of plaintiff to make monthly and term reports is not sufficient to defeat her right to compensation under the contract, because there was nothing for her to report except a condition which was created by the action of the board itself, and of which the board for that reason had knowledge. Rudy v. School District, 30 Mo. App. 121. (5) This court should reverse the cause with directions to enter judgment in favor of the plaintiff as of November 27, 1922, for $288 and costs. Sec. 1514, R. S. 1919.

*C. L. Shotwell* for respondent.

(1) Defendant was authorized by statute to close the school. Sec. 11145, R. S. 1919. (2) Defendant is a creature of the laws of Missouri and all statutes of this State with reference to the employment of teachers must be read into the contract between plaintiff and defendant. Isenhour v. Barton County, 190 Mo. 163; Zellars v. Surety Company, 210 Mo. 86; Henry County v. Salmon, 201 Mo. 136; Construction Co. v. Gilsonite Construction Co., 281 Mo. 629; Kansas City v. Youmans, 213 Mo. 151; State ex rel. v. Henderson, 145 Mo. 329; Bank v. State Bank, 45 Mo. 528; Wanschaff v. Benefit Society, 41 Mo. App. 206; McClure Brothers v. School District, 79 Mo. App. 80. (3) When a school is closed by authority of law the teacher is not entitled to compensation for the time it is closed. Gregg School Tp. v. Henshaw, 132 N. E. 586. (4) Plaintiff did not make the reports required by her contract and by the laws of Missouri and is not entitled to recover. Sec. 11227, R. S. 1919; Hall v. School District, 24 Mo. App. 213. (5) In the construction of statutes courts seek the true intent and meaning of the Legislature. Grimes v. Reynolds, 94 Mo. App. 576.

SUTTON, C.—On the 17th day of July, 1920, plaintiff, Jennie De Hart, a colored school teacher, was em-

ployed by the school board of defendant school district to teach the school for colored children in said district, under a contract entered into between the plaintiff and said school board, witnessing as follows:

"That the said Jennie De Hart agrees to teach the public school of said District for the term of eight months, commencing on the 13th day of September, 1920, for the sum of $48 per month, to be paid monthly, and that for services properly rendered and reports correctly made, according to law, said Board agrees to issue warrants upon the St. Louis County Treasurer in favor of the said Jennie De Hart for the amount of wages due under this agreement."

Under this contract plaintiff taught the school for colored children in said district for two school months. During the first month the average daily attendance was less than one scholar per day, and during the second month the average daily attendance was one scholar per day. At the close of the second month the school board ordered the school discontinued for the remaining six months of the term, and this action is to recover the wages for said remaining six months. The trial resulted in a judgment for defendant, and from this judgment the plaintiff appeals.

There is but one question presented for decision upon this appeal, and that is as to the right of the plaintiff to recover the wages provided for in the contract for the time during which the school was discontinued by order of the school board. The question must be determined in the light of sections 11138 and 11145, Article 2, Chapter 102, Revised Statutes of Missouri, 1919.

Section 11145 is as follows: "When there are within any school district in this State fifteen or more colored children of school age, as shown by the last enumeration, the board of directors of such school district shall be and they are hereby authorized and required to establish and maintain within such school district a separate free school for said colored children; . . . *Provided*, that in case the average daily attendance of colored children for any one school month shall be less

than eight, then said board of directors may discontinue such school for a period not to exceed six months at any one time."

The contract involved here must be deemed to have been made with reference to the provisions of this section. Such provisions must be read into the contract and the parties thereto must be held to contract with a view to such provisions. [Gregg School Township v. Hinshaw, (Ind. App.) 132 N. E. 586; Henry County v. Salmon, 201 Mo. 136, l. c. 162, 100 S. W. 20; Zellars v. Surety Co., 210 Mo. 86, l. c. 92, 108 S. W. 548; Webb-Kunze Const. Co. v. Gilsonite Const. Co., 281 Mo. 629, l. c. 634, 220 S. W. 857.]

The discontinuance of the school by the school board was expressly authorized by this section, and, since its provisions must be read into the contract, such discontinuance of the school was, in legal effect, authorized by the contract.

Plaintiff's counsel contend, however, that the authority of the school board in relation to the teacher's contract as prescribed by the statute is expressly defined and limited by section 11138, which is as follows:

"The contract required in the preceding section shall be construed under the general law of contracts, each party thereto being equally bound thereby. Neither party shall suspend or dismiss a school under said contract without the consent of the other party. The board shall have no power to dismiss a teacher; but should the teacher's certificate be revoked, said contract is thereby annulled. . . . Should the schoolhouse be destroyed, the contract becomes void."

And counsel insist that by the express inhibitions of this section the school board is without power or authority to discontinue the school or to dismiss the teacher, so as to relieve the district from liability to render compensation to the teacher as agreed upon in the contract, and that the rights of the parties to this suit must be determined by the express and positive provisions of said section.

It is an old and familiar rule for the construction of statutes, that, where there is in the same statute a particular enactment, and also a general one which in its most comprehensive sense would include what is embraced in the former, the particular enactment must be operative, and the general enactment must be taken to affect only such cases within its general language as are not within the provisions of the particular enactment; or, as otherwise stated, the rule is, that, where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy, but to the extent of any necessary repugnancy between them, the special will prevail over the general statute. [25 R. C. L., sec. 250, p. 1010; 36 Cyc. 1150.]

Applying this rule to the provisions of the statute involved here, there is no difficulty in arriving at their proper construction. The provisions of section 11138 are of a general and comprehensive character, and are applicable to all public schools, whereas section 11145 is of special and restricted application, dealing exclusively with schools for colored children, and under the rule these special provisions must prevail over the provisions of the former section, which are of general application.

Plaintiff's counsel argue, however, that, though it may be conceded that under the provisions of the two sections of the statute under construction, when read together, the school board were authorized to discontinue the school, they were not authorized to dismiss the teacher and relieve the district from liability for the payment of her wages as agreed upon in the contract; that while section 11145 authorizes the board to discontinue the school, section 11138 expressly provides that "the board shall have no power to dismiss the teacher." The argument is ingenious but not convincing. There can be no school without a teacher. The teacher is an essential to a functioning school. The discontinuance of the school necessarily contemplates the dismissal of the teacher and

the discontinuance of her compensation. In other words, the discontinuance of the school necessarily contemplates the discontinuance of performance of the contract, both as to the rendition of the services and the compensation therefor, agreed upon by the parties under the contract. The closing of the schoolhouse doors is just as effectual to put an end to performance of the contract, as the destruction of the schoolhouse or the revocation of the teacher's certificate.

The object of all rational construction of statutory enactment is to seek out and effectuate the purpose and intent of the Legislature. This is the great cardinal rule to which all others are subordinate. [Grimes v. Reynolds, 94 Mo. App. 576, 1. c. 584, 68 S. W. 588.] The manifest purpose and intent of the Legislature in providing for the discontinuance of the school when the average daily attendance is less than eight for any one month, was to obviate the expenditures involved in continuing the school. It is a matter of common knowledge that the chief item of expense in conducting a school for colored children in a community where it is at all probable that the average daily attendance would ever fall below eight for any one month, is the compensation of the teacher. It is inconceivable that the Legislature intended to deprive the children who would otherwise attend the school, of the advantage of the instruction which the teacher is employed to give, merely to save the negligible disbursements arising from incidental expenses, while the teacher is maintained in idleness upon the funds of the district.

The case was rightly adjudged in the trial court, and the Commissioner recommends that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J.,* and *Becker* and *Daues, JJ.,* concur.