MOSES, RESPONDENT, *v.* SCHOOL DISTRICT No. 53, LINCOLN COUNTY, APPELLANT.

(No. 7,895.)

(Submitted November 9, 1938.  Decided December 1, 1938.)

[86 Pac. (2d) 407.]

Cause submitted on appellant's brief, with consent of respondent.

*Mr. Thomas D. Long,* County Attorney, for Appellant.

*Mr. R. D. Frederick,* for Respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff brought this action to recover from defendant the sum of $360 alleged to be due under a contract for teaching. The court entered judgment on the pleadings in favor of plaintiff, and defendant appealed. The propriety of the judgment therefore depends upon the issues presented by the pleadings.

The complaint avers that plaintiff was employed by defendant school district and taught for the three consecutive years of 1934, 1935 and 1936, the first two years in the school located at Stryker, and the third year in the school located at Trego; that the board of trustees did not give the notice provided for in section 1075, Revised Codes, and, hence, that she was automatically reelected to teach for the year 1937; that during the month of August, 1937, defendant notified plaintiff that the school would not be opened and that her services would not be

required; that plaintiff stood ready to perform the services in accordance with the terms and conditions of her reelection.

Defendant's answer admits plaintiff's employment for three consecutive years, but alleges that the last of the three years she was employed to teach school in the school located on Edna Creek and known as the Edna Creek School; admits that plaintiff was not notified prior to May 1, 1937, that her services would not be required for the ensuing year. It alleges that there are three schools in the district, one at Trego, one at Stryker, and one at Edna Creek; that each is about ten miles distant from the other; that the average attendance at Trego for the three years of 1934, 1935 and 1936 was about thirteen pupils, at Stryker about six, and at Edna Creek six; that there were only two pupils eligible to attend the Edna Creek School beginning in September, 1937; that this fact was not known by the school trustees before May 1 because of the transient character of the settlers in that locality who consisted of tie makers and other workers in the woods; that the practice and custom followed by the trustees was to reemploy the teacher in April of each year for the Edna Creek School under the same terms and conditions of her contract for the preceding year and with the understanding that the reemployment was upon the condition that there would be a sufficient number of pupils to attend the school to warrant the holding of school, and upon the understanding that if there were not a sufficient number of pupils to attend the school the trustees would close the school and transport the pupils to another school, in which case the contract of reemployment would be void; that plaintiff was aware of this custom and acquiesced therein; that pursuant to this custom the trustees in April, 1937, reemployed plaintiff for the ensuing school year under those terms and conditions; that at a meeting held on June 25 the board by resolution closed the Edna Creek School and the Stryker School and arranged for the transportation of the Edna Creek pupils to Trego, and the Stryker pupils to Eureka; that this was done because of the lack of pupils, there being only two to attend the Edna Creek School, and two or

three to attend the Stryker School, and that of this plaintiff was duly notified.

As an affirmative defense the answer alleges that each of the written contracts of employment of plaintiff contained this paragraph: "It is mutually understood and agreed, that whenever the school shall be closed by order of the trustees on account of the prevalence of contagious or epidemic disease, or from any cause, or lack of attendance, the salary of said first party as teacher shall stop and this contract shall be void." It is alleged that if plaintiff is by virtue of section 1075 deemed reemployed, the contract of reemployment must be on the same terms and conditions as the previous employment, and that plaintiff is estopped from contending otherwise.

Plaintiff by reply admits that she was employed for two years at the Stryker School and one year at the Edna Creek School, and that the contracts of employment contained the clause above quoted. She admits that the school board arranged for the transportation of the Edna Creek and Stryker School pupils as alleged in the answer, and denies the other allegations.

The motion for judgment on the pleadings was upon the ground that the allegations of the complaint are admitted by the answer, and that the defenses pleaded do not constitute a defense.

Under section 1044, Revised Codes, the board of trustees of a rural school district has authority to close schools with an enrollment of fewer than five pupils if they can, in the judgment of the board, be cared for more economically and in a satisfactory manner in another school. Section 1010 also confers this same right upon the trustees when they shall deem it for the best interests of all pupils residing in the district to do so. Plaintiff here specifically contracted that the board should have that right and, in the event that the board exercised that right, her contract of employment would be void.

Section 1075 provides: "After the election of any teacher or principal for the third consecutive year in any school district in the state, such teacher or principal so elected shall be deemed re-elected from year to year thereafter at the same

salary unless the board of trustees shall by majority vote of its members on or before the first day of May give notice in writing to said teacher or principal that he has been re-elected or that his services will not be required for the ensuing year; provided that nothing in this Act shall be construed to prevent re-election of such teacher or principal by such board at an earlier date, and also provided that in case of re-election of such teacher or principal, he shall notify the board of trustees in writing within twenty days after the notice of such re-election of his acceptance of the position tendered him for another year and failure to so notify the board of trustees shall be regarded as conclusive evidence of his non-acceptance of the position.''

The reelection under section 1075 means reemployment under the same terms and conditions as the preceding year's employment. If this were not so, then it is impossible to know what the terms of employment would be, except as to salary. One of the terms of the preceding year's employment was that the board reserved the right to close the school for lack of attendance, which, when done, would make void the contract of employment. Sections 1044 and 1075 must be read together (*DeHart* v. *School District,* 214 Mo. App. 651, 263 S. W. 242), and, when so read together with the specific provision in the contract of employment for the year 1936, it is clear that the trustees had the right to close the school and thus to make void the contract of employment.

It is suggested that this construction nullifies section 1075. This is not so. All that section 1075 means is that if the district employs any teacher for the school in question, it shall employ the teacher who has taught for three successive years prior to the year in question, or the trustees must give her the notice there contemplated. Hence section 1075 can be given effect along with sections 1010 and 1044. It was not contemplated by section 1075 to amend or repeal sections 1010 and 1044.

It is likewise suggested that a custom cannot vary the terms of a statute. The custom here pleaded does not vary a statute, but gives effect to sections 1010 and 1044 authorizing the closing of schools. It is fundamental that parties are presumed to con-

tract with reference to the law in force. (*Snider* v. *Yarbrough*, 43 Mont. 203, 115 Pac. 411.) That they did so here is made plain by the written contract for the three years preceding the one in question.

The answer states facts sufficient to constitute a defense. The judgment is reversed and the cause remanded with direction to deny and overrule the motion for judgment on the pleadings.

MR. CHIEF JUSTICE GODDARD and ASSOCIATE JUSTICES STEWART and MORRIS concur.

MR. JUSTICE ANDERSON:

I dissent. The basis of plaintiff's cause of action is the provision of section 1075, Revised Codes, which declares that after a school teacher has been elected for the third consecutive year in any school district such teacher shall be deemed reelected from year to year thereafter at the same salary unless the board of trustees by majority vote decide otherwise and give the teacher notice in writing before May 1st. Admittedly, no such vote was had and no such notice was given; hence, unless the provisions of section 1075 are obviated in some manner, the decision of the district court was correct.

Section 1044 relates to the budget of rural school districts, and among its provisions it provides that the board of trustees is authorized to close schools with an enrollment of fewer than five pupils, if in the judgment of the board such children can be cared for more economically and in a satisfactory manner in another school. Section 1010, relating to the subject of transportation of pupils, authorizes the board of school trustees when it shall deem it for the best interest of pupils residing in the district, to close the school and send the pupils elsewhere.

It is said that since there were fewer than five pupils in the school in question, under these sections the defendant board might close the school and transport the pupils, who would otherwise attend it, elsewhere. This argument proceeds upon the theory that these two latter sections in effect impliedly amend section 1075. Section 1075 was enacted in 1927 in its now

present form. Section 1044 was enacted in its present form in 1925. Although some amendments were made to section 1010 in 1929, the particular language of the section was a part of our school law prior to that date. Thus it will be seen that section 1075 is the last of the three sections to be enacted. Implied amendments are not favored. (*State ex rel. Malott* v. *Board of County Commrs.*, 89 Mont. 37, 296 Pac. 1.)

A construction of these three sections may be adopted which gives them all effect without the one conflicting with the other, as the board may determine at some time before the first of May that it will close the school for the ensuing year either under the provisions of section 1010 or 1044, or both, and thereupon by majority vote act and give the notice in accordance with section 1075. Any other construction leads to the destruction of section 1075, which is the last legislative declaration.

Reliance is placed upon the case of *DeHart* v. *School District*, 214 Mo. App. 651, 263 S. W. 242, as supporting an opposite view. There a statute provides that whenever a certain number of colored children of school age reside in a district, the board of directors were required to maintain and establish a separate free school for such children, with the proviso that whenever the average daily attendance for any one school month was less than eight, the board could discontinue such school for a period not to exceed six months. A colored teacher was employed to teach such a school and the board could, in accordance with the proviso, close the school. Another provision of the Missouri statute provided that neither party to a school teacher's contract could suspend or dismiss a school without the consent of the other. The Missouri court held that the statute with reference to schools for colored children was a special statute and the other a general one and, therefore, applying a familiar rule, the former controlled applied to the facts coming within its proviso. Here we have a case where one statute relates to transportation, another to budgets, and a third to the reelection of a teacher; each, therefore, relates to a different subject of the school law; hence the reasoning of the Missouri case is not applicable.

It is argued that by reason of the provisions inserted in previous contracts, a custom or usage was established whereby the board might close the school before the expiration of the term. Section 1075 contains no such provision or exception. A custom cannot vary the terms of, or operate to abrogate or repeal, a general statute. (*Ettien* v. *Drum,* 32 Mont. 311, 80 Pac. 369; *State* v. *Broadwater Elevator Co.,* 61 Mont. 215, 201 Pac. 687.) Such a contract containing a provision contrary to a statute declaring the public policy of the state is invalid. (*Sarle* v. *School District,* 32 Ariz. 96, 255 Pac. 994; *Public School District* v. *Holson,* 31 Ariz. 291, 252 Pac. 509.)