No. 14911

IN THE SUPREME COURT OF THE STATE OF MONTANA,

1980

TIM CLAWSON,

Plaintiff and Respondent,

vs.

RONALD D. BERKLUND,

Defendant and Appellant.

Appeal from:   District Court of the Fifteenth Judicial District,
               Honorable H. James Sorte, Judge presiding.

Counsel of Record:

For Appellant:

Loren J. O'Toole argued, Plentywood, Montana

For Respondent:

Gerard M. Schuster argued, Wolf Point, Montana

Submitted:   February 21, 1980

Decided: MAY 8 - 1980

Filed: MAY 8 - 1980

Thomas J. Kearney
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiff-respondent Tim Clawson brought this action for the cancellation of an oil and gas lease in the District Court for the Fifteenth Judicial District, Sheridan County. The Court found that Clawson, the lessor, was entitled to cancellation and a recorded release of the lease. Defendant Ronald Berklund, the lessee, appeals from the judgment.

Tim Clawson and Ronald Berklund entered into an oil and gas lease covering a portion of Clawson's land on September 30, 1977. According to the terms of the lease, it was to terminate unless an oil or gas well was commenced or an annual rental of $720 was paid by the lessee on or before March 10, 1979.

Two $5,400 sight drafts were issued in conjunction with the lease agreement on September 30, 1977, one being a 15 day sight draft (Draft No. 1), the other a 160 day sight draft (Draft No. 2). The drafts contained writing that they were "bonus consideration" for executing the oil and gas lease.

Both drafts were sent for collection to Midland National Bank (Midland) in Billings, Montana, by the Security State Bank of Plentywood, Montana (Security State). Midland acknowledged receipt of both drafts on October 4, 1977. Draft No. 1 was paid. Payment of Draft No. 2 was received by Tim Clawson on March 15, 1978. Mr. Clawson treated the draft as dishonored, contending that payment was due on March 13, 1978; 160 days from October 4, 1977, exclusive of October 4, is March 13, 1978.

The lease was recorded in Sheridan County by Ronald Berklund on October 6, 1977. This action was initiated on December 11, 1978, and sought the cancellation of the lease and a recorded release. Ronald Berklund has never tendered payment of the annual rental which was to be paid by March 10, 1979.

The District Court found that the defendant failed to

comply with the lease agreement by not making timely payment of sight Draft No. 2 and by failing to make the annual rental payment as agreed. As a result, plaintiff was entitled to a release of the lease filed by the defendant.

The following issues have been considered on appeal:

(1)  Whether defendant made a timely payment of Draft No. 2?

(2)  In the event the payment of Draft No. 2 was untimely, whether it rendered the alleged oil and gas lease invalid?

(3)  In the alternative, if the lease was valid, did it terminate by reason of a failure to tender payment of the annual rental which was due on March 10, 1979, which date was after litigation concerning the validity of the lease had commenced?

The issue concerning timeliness of payment requires an examination of the provisions of the Uniform Commercial Code (UCC). Draft No. 2 appears substantially as follows:

---

COLLECT DIRECTLY THROUGH   MIDLAND NATIONAL BANK               559499
                           Billings, Montana 59101

                                          September 30, 1977

One Hundred Sixty (160) Days After Sight and Subject to Approval
                                of Title

Pay to the
  Order of        Tim Clawson                             $5,400.00

         - - - Five Thousand Four Hundred and No/100 - - - DOLLARS

Consideration for Balance of bonus consideration - executing oil &
                                                      gas lease

To:  Ronald D. Berklund          /s/ Ruth L. Berklund
     605 Midland Bank Bldg.          Ruth L. Berklund
     Billings, Montana 59101

---

As a result, Ruth Berklund is the drawer, defendant Ronald Berklund is the drawee, and plaintiff Tim Clawson is the payee under the UCC.  Midland is a collecting bank under section 30-3-120, MCA,

- 3 -

by virtue of the collect directly "through" language. See Engine Parts, Inc. v. Citizens Bank of Clovis (1978), 92 N.M. 37, 582 P.2d 809, 813.

Section 30-3-501(1)(a), MCA, provides that "presentment for acceptance is necessary to charge the drawer and endorsers of a draft where . . . its date of payment depends upon such presentment." Section 30-3-504, MCA, defines presentment and explains how it is to be made.

> "30-3-504. How presentment made. (1) Presentment is a demand for acceptance or payment made upon the maker, acceptor, drawee or other payor by or on behalf of the holder.
>
> "(2) Presentment may be made:
>
> "(a) by mail, in which event the time of presentment is determined by the time of receipt of the mail; or
>
> "(b) through a clearinghouse; or
>
> "(c) at the place of acceptance or payment specified in the instrument or if there be none at the place of business or residence of the party to accept or pay. If neither the party to accept or pay nor anyone authorized to act for him is present or accessible at such place presentment is excused."

The principal issue in the present appeal is when the presentment was made upon defendant Ronald Berklund, the drawee, to commence the 160 day period. No date of presentment is written on the draft or contained in the record. The only evidence concerning a date in the collection process is Midland's acknowledgement of receipt of the item on October 4, 1977.

Section 30-3-409, MCA, provides that a drawee is not liable on a draft until he accepts it, and section 30-3-410, MCA, provides as follows:

> "30-3-410. Definition and operation of acceptance. (1) Acceptance is the drawee's signed engagement to honor the draft as presented. It must be written on the draft, and may consist of his signature alone. It becomes operative when completed by delivery or notification.
>
> "(2) A draft may be accepted although it has not been

- 4 -

signed by the drawer or is otherwise incomplete or is overdue or has been dishonored.

"(3) Where the draft is payable at a fixed period after sight and the acceptor fails to date his acceptance the holder may complete it by supplying a date in good faith." (Emphasis added.)

Defendant Berklund never signed the draft and no date was ever written on the draft other than the issuance date, September 30, 1977. Instead, he attempted payment by a Midland bank draft dated March 14, 1978, which was received by Security State on March 15, 1978. Plaintiff Tim Clawson contends that since Berklund never provided a date of presentment he may supply the presentment date of October 4, 1977. Plaintiff asserts that this date is supplied in good faith since Midland received Draft No. 2 on October 4 and Mr. Berklund has an office in the same building. Further, Mr. Berklund specified his address on the draft as "605 Midland Bank Bldg."

We find plaintiff's contention meritorious in light of Official Comment 6 to UCC §3-410 and the underlying UCC policy of providing a definite time within which to make payment. The comment provides:

"6. Subsection (3) changes the last sentence of the original Section 138. The purpose of the provision is to provide a definite date of payment where none appears on the instrument. An undated acceptance of a draft payable 'thirty days after sight' is incomplete; and unless the acceptor himself writes in a different date the holder is authorized to complete the acceptance according to the terms of the draft by supplying a date of presentment. Any date which the holder chooses to write in is effective providing his choice of date is made in good faith. Any different agreement not written on the draft is not effective, and parol evidence is not admissible to show it." (Emphasis added.)

Pursuant to section 30-3-410(3), MCA, and Official Comment 6 we find that respondent Tim Clawson may supply a date of presentment when the drawee fails to provide his written acceptance or date thereof. As a result, payment was not received within the 160 day period. Section 30-3-507, MCA, provides that a draft is

- 5 -

dishonored when "due acceptance or payment is refused or cannot be obtained within the prescribed time." Thus, plaintiff was entitled to treat the draft as dishonored since payment was due on March 13, 1978 and not received until March 15, 1978.

Next, we must consider the effect of untimely payment upon the oil and gas lease. It is well established that instruments between the same parties, involving the same subject matter and executed on or about the same date are to be considered as one agreement. Hoerner Waldorf Corp. of Montana v. Bumstead-Woolford Co. (1972), 158 Mont. 472, 494 P.2d 293. In addition, parties must be presumed to contract with reference to the law in force at the time and place of the contract. Moses v. School Dist. No. 53, Lincoln County (1938), 107 Mont. 300, 86 P.2d 407. Further, a series of Montana cases have held that oil and gas leases are to be construed liberally in favor of the lessor and against the lessee, that time is of the essence even though the contract does not so provide, and that forfeiture is favored in oil and gas leases. Christian v. A. A. Oil Corp. (1973), 161 Mont. 420, 506 P.2d 1369; Solberg v. Sunburst Oil & Gas Co. (1926), 76 Mont. 254, 246 P. 168. Consequently, the two sight drafts are a part of the lease agreement, the parties must be presumed to contract with reference to the UCC, and the lease is to be liberally construed in favor of the lessor. Appellant failed to pay Draft No. 2 in compliance with the previously discussed provisions of the UCC. Especially in light of the liberal construction of oil and gas leases in favor of the lessor, respondent was entitled to a cancellation and recorded release as a result of Mr. Berklund's breach.

Since the issues previously discussed are determinative of this appeal, we need not reach the issue concerning the appellant's failure to tender payment of the annual rental after this suit to cancel the lease was commenced.

- 6 -

The judgment of the District Court is affirmed.

_Frank I. Haswell_
Chief Justice

We concur:

_Gen D. Daly_

_John Conway Harrison_

_Daniel J. Shea_

_John C. Sheehy_
Justices

- 7 -