No. 81-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

FELIX MISKE and FLORENCE MISKE,
husband and wife of Wibaux, Montana,

Plaintiff and Appellant,

vs.

ROBERT L. STIRLING, DOME PETROLEUM
CORPORATION, et al.,

Defendants and Respondents.

---

Appeal from:  District Court of the Seventh Judicial District,
In and for the County of Wibaux
Honorable L. C. Gulbrandson, Judge presiding.

Counsel of Record:

For Appellants:

Gene Huntley argued, Baker, Montana
R. W. Heineman, Wibaux, Montana

For Respondents:

Crowley, Haughey, Hanson, Toole & Dietrich, Billings,
Montana
Sherry J. Matteucci argued, Billings, Montana

---

Submitted:  April 5, 1982

Decided:  July 6, 1982

Filed: JUL 6 - 1982

Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiffs Felix and Florence Miske (Miskes) brought this action in the Seventh Judicial District Court, Wibaux County, for cancellation of an oil and gas lease because of late payment of a bonus rental consideration by Dome Oil to the Miskes. The District Court in a summary judgment found the payment to have been timely. We affirm.

Miskes appeal and raise the following issues:

(1) Did the District Court err in finding the bonus rental payment had been timely paid.

(2) If the bonus rental was not timely paid, would the delay justify a forfeiture of the lease.

Miskes on July 11, 1979, executed an oil and gas lease covering 960 acres of their land to Robert Stirling as lessee. Stirling assigned his interest to Dome Petroleum, which assigned its interest to Dome Oil (Dome). A supplemental agreement executed the same day as the lease provided for a first payment of $4,800, which was made, and a second and final bonus payment of $43,200.00, in the form of a time draft "payable on or before June 24, 1980." The draft bears the legend "collect directly through First Citizens Bank, Billings, Montana."

Miskes deposited the draft with their bank, Farmers and Merchants Bank of Beach, North Dakota (Farmers). Farmers forwarded the draft to First Citizens, which received it on April 2, 1980, and notified Dome of the receipt. First Citizens received Dome's corporate check for payment of the draft on June 23 and deposited it in Dome's account, setting aside funds for the Miske draft. A First Citizens' employee made out a cashier's check and stamped the collection notice

-2-

"paid" on June 24, the date of required payment under the time draft. Then, noticing the amount of the cashier's check was wrong, the First Citizens' employee set the check aside and on June 25 corrected it and mailed it to Farmers. Farmers received the cashier's check on June 27; Miskes refused payment on July 1, and ordered the cashier's check returned to First Citizens. On July 15, 1980, one day before tendering return of original $4,800 payment, Miskes entered into another oil and gas lease with another party on the same property.

I.

Did the District Court err in finding the bonus rental payment had been timely paid?

Both parties agree that First Citizens is a collecting bank. "'Collecting bank' means any bank handling the item for collection except the payor bank." Section 30-4-105(d), MCA. Clawson v. Berklund (1980), 37 St.Rep. 892, 610 P.2d 1168. First Citizens was holding the bonus payment draft for the Miskes until it received payment from Dome.

Section 30-4-201(1), MCA, provides:

> "Unless a contrary intent clearly appears
> and prior to the time that a settlement
> given by a collecting bank for an item is
> or becomes final (subsection (3) of 3-4-211
> and 30-4-212 and 30-4-213) the bank is an
> agent or a subagent of the owner of the
> item and any settlement given for the item
> is provisional."

The Miskes were the owners of the draft and First Citizens was acting as their agent in the collection of the draft.

The facts as stipulated by the parties, and summarized by the District Court, showed that Dome issued its corporate check payable to First Citizens, and on June 23, 1980, First Citizens received and acknowledged the check and cover

-3-

letter. The stipulated facts further show that on June 24, 1980, a First Citizens' employee prepared a cashier's check for $43,221.00 instead of the correct $43,201.00, and marked the collection notice "paid." First Citizens then voided the erroneous cashier's check, and on June 25, 1980, issued a new cashier's check for the correct amount, stamped the draft paid on June 25, and forwarded the cashier's check to Farmers by mail.

The parties further stipulated as to the following facts:

> "That funds sufficient to pay the time draft payable on or before June 24, 1980 to Plaintiffs drawn by Robert L. Stirling as drawer and drawee were received by First Citizens Bank on June 23, 1980 and dedicated for such payment;"

In addition, the District Court found the following facts from the stipulated exhibits and the uncontradicted affidavit of Donald Hanson, Vice President of First Citizens:

> "16. Payment of time drafts by deposit of a cashier's check in the U.S. mails on the date the draft is due is a commonly accepted practice within the banking industry and a practice followed in previous transactions between Farmers and Merchants Bank and First Citizens Bank.
>
> "17. The statutory midnight deadline by which First Citizens Bank was obligated to pay or return the draft was at 12:00 midnight on June 25, 1980."

Section 30-4-211, MCA, describes in paragraph (1) the items which a collecting bank may take in settlement, and these items do not include an individual or corporate check. Miskes' argument appears to basically be that since Dome sent its corporate check to First Citizens rather than a cashier's check or other form of remittance specifically authorized in section 30-4-211, MCA, no final payment by Dome was made or could occur until the Miskes actually had

-4-

cash in hand which, of course, was subsequent to the June 24 due date. In considering the matter of payment, it is also well to distinguish from final settlement as contemplated under the U.C.C. As such, we are not specifically involved here with a question of final settlement.

Under this issue, we are required to determine when payment in fact was made to the Miskes, if at all. We do not find any statutes which deal with the determination of the time when final payment occurs in transactions involving collecting banks such as between First Citizens and Farmers. Farmers and Merchants National Bank v. Boardwalk National Bank, 245 A.2d 35, cert. den. 246 A.2d 452 (N.J. 1968), is a case which is directly comparable to the present fact situation. In the New Jersey case, drafts drawn on a private company were delivered to a collecting bank and subsequently accepted by the drawee. The drawee delivered its company check to the bank in payment of the drafts and the collecting banks stamped the draft "paid" and returned them to the company. The next day the company discovered the drafts had been paid in error, and returned them to the collecting bank and wrote the words "stamped in error" over the paid stamps. The collecting bank then notified the prior endorsers that the drafts were dishonored. A prior collecting bank sued and in ruling that the payment had in fact been made and that the subsequent dishonor was invalid, the New Jersey court in part stated:

> "As a collecting bank, Boardwalk was Farmers' agent authorized to receive payment of the drafts [citing the Uniform Commercial Code section comparable to our section 30-4-201(1), MCA], and obligated to seasonably transmit the payment through appropriate channels to Farmers.

". . .

"Payment of an instrument to a collecting
bank is the equivalent of payment to its
principal, the owner of the instrument, and
constitutes an absolute discharge thereof.
[Citing 10 Am.Jur.2d, Banks section 697] The
payment was final as far as Farmers was con-
cerned. . ." Farmers, 245 A.2d at 39.

The trial court in the present case entered the following

conclusion of law:

"1. First Citizens Bank of Billings is a
collecting bank by virtue of the 'collect
directly through' language contained in the
draft. As a collecting bank, First Citizens
Bank of Billings acted as an agent for plain-
tiffs, owners of the obligation, under sec-
tion 30-4-201(1), Montana Code Annotated (MCA).
The first ground for decision in favor of
defendants, therefore, is that payment to a
duly authorized agent constitutes payment
to the principal and discharges the obligation.
The dedication of funds from defendant Dome
Oils' account by First Citizens Bank on June
23, 1980, constituted payment of the draft and
discharged all liability of defendants on the
obligation."

We adopt the rule of Farmers and Merchants National Bank v.

Boardwalk National Bank, and hold that the receipt of the

Dome check by First Citizens and the dedication of funds by

First Citizens on June 23, 1980, constituted payment of the

draft.

Following receipt of payment by Dome, First Citizens

was then obligated to send its remittance check by a "reasonably

prompt method taking into consideration any relevant instructions,

the nature of the item, the number of such items on hand,

and the cost of collection involved and the method generally

used by it or others to present such items." Section 30-4-

204, MCA. In order to determine if the bank seasonably

forwarded its cashier's check to Farmers, it is necessary to

determine the midnight deadline. Section 30-4-104(1)(h),

MCA, defines midnight deadline as follows:

-6-

> "(h)  'Midnight deadline' with respect to a bank is midnight on its next banking day following the banking day on which it receives the relevant item or notice or <u>from</u> <u>which</u> <u>the</u> <u>time</u> <u>for</u> <u>taking</u> <u>action</u> <u>commences</u> <u>to</u> <u>run,</u> <u>whichever</u> <u>is</u> <u>later;</u>"  (Underscoring added.)

Here, the time for taking an action commenced on June 24, 1980, giving First Citizens up to midnight on June 25, its next banking day, in which to mail its cashier's check.  By mailing its cashier's check before the midnight deadline of June 25, 1980, First Citizens acted in accordance with the instructions given by Farmers and also in accordance with the general practice used by banks as established by the uncontradicted affidavit of Donald L. Hanson which in part stated:

> "That it is a commonly accepted practice within the banking industry to pay time drafts on the date designated for payment on the time draft by depositing of a cashier's check in the U.S. mails.

> "That First Citizens Bank has had transactions involving time drafts with Plaintiffs' bank, Farmers and Merchants Bank of Beach, North Dakota, for many years and continues to have such transactions and, further, that such time drafts are normally paid by deposit of a cashier's check in the U.S. mails on the date the time draft is payable. . ."

We hold that payment by Dome of the bonus rental payment was timely and it is therefore not necessary to discuss the other issue raised by appellant.

We affirm.

_____
Justice

We Concur:

_____
Chief Justice

_____

-7-

_____
Justices

I WOULD REVERSE.

_____
JUSTICE